**A. W. LAFFERTY, Appellant**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 15149.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 19, 1959.

Decided March 17, 1960.

Mr. A. W. Lafferty, appellant pro se.

Mr. Hubert B. Pair, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee. Mr. Ted D. Kuemmerling, Asst. Corporation Counsel, also entered an appearance for appellee.

Before FAHY, WASHINGTON and BURGER, Circuit Judges.

FAHY, Circuit Judge.

Appellant petitioned the District Court on December 18, 1958, to review and expunge a decree of that court of April 6, 1955, adjudging that he was of unsound mind. The court denied the petition, filing a carefully composed Memorandum Opinion. The court was of the view that the earlier action of the District Court in denying a petition filed by appellant June 21, 1955, hereinafter described more fully, had the effect of holding that the decree of April 6, 1955, was valid and that this constituted res judicata.[1] We respectfully disagree for reasons now to be explained.

On March 14, 1955, public officials initiated steps under the District of Columbia Code, 21 D.C.Code §§ 301–333 (1951), to obtain a determination as to appellant's soundness of mind. These steps led to the decree of April 6, 1955, that he was of unsound mind. We find, however, that a serious defect impaired those proceedings. Though conducted in purported compliance with the Code, and though there can be no question as to the good faith of all involved, the proceedings omitted to give appellant notice of the time and place of a court hearing, as required by 21 D.C.Code § 311 (1951). That section provides that when the Mental Health Commission has made a determination that a person is found not to be sane, as the Commission here determined and set forth in its Report and Recommendation of March 29, 1955, the Commission has the duty to apply to the court for a date for a hearing. The section then reads:

"In all cases before said hearing, the said Commission shall cause to be served personally upon the patient a written notice of the time and place of final hearing at least five days before the date fixed. * * * The notice shall contain a statement that if the patient desires to oppose the application for a final order of commitment, he may appear personally or by attorney at the time and place fixed for the hearing."

The hearing thus referred to is a hearing by the court, and as we have said no notice of such a hearing was given to appellant. Our examination of the record, following submission of the case, led us so to conclude but as a precautionary matter we gave the parties an opportunity to file memoranda on the subject, since the briefs then before us had not dealt with the precise matter. We also requested the Corporation Counsel to give us the benefit of his views as to whether the hearing referred to was a hearing in court, as appeared to be the

---

1. In its Memorandum Opinion the court referred to appellant as follows:

"In the presentation of his cause before this court in the instant proceedings, petitioner has conducted his case in strict accordance with the highest ethical standards of his profession. His arguments had clarity and force and his whole conduct and appearance indicated that he was in full possession of excellent mental powers. The court would observe that if petitioner was temporarily upset or disturbed mentally as of April 1955 such temporary upset or disturbance could well be attributed to the extremely heavy burden of work and responsibility carried at that time by petitioner in the conduct of the complicated and important litigation involving Oregon lands, in which litigation petitioner won an outstanding and far-reaching legal victory."

case, or was a hearing before the Mental Health Commission. In an objective and commendable Memorandum the Corporation Counsel, notwithstanding the Mental Health Commission may have interpreted the statute differently, advises, as we also conclude, that the hearing referred to in paragraph 7 of 21 D.C.Code § 311 (1951), Act of August 9, 1939, 53 Stat. 1294, § 2, is a hearing before the court rather than a hearing before the Mental Health Commission. The Corporation Counsel supports this conclusion by an analysis of the legislative history of the 1939 Act.[2]

■■ Since the notice required for such a court hearing was not given appellant, the proceedings leading to the adjudication of April 6, 1955, were defective in a respect which in all the circumstances of this case we think entitles appellant to relief from that adjudication.[3] Insofar as the record indicates, he did not learn of the decree until he returned to the District of Columbia about a year after its date. In the meantime by virtue of the decree, he had been committed to St. Elizabeths Hospital, from which institution he had been transferred to Oregon, the State of his residence, where for several months he was in a State institution. He was unconditionally released by Oregon in October 1955, and has not since been in a mental institution insofar as the record shows. He returned to the District of Columbia in the Spring of 1956, on legal business

entrusted to him as a member of the bar, when he learned of the decree of April 6, 1955.

He had petitioned the District Court June 21, 1955, for a hearing with respect to the Report and Recommendation of the Mental Health Commission dated March 29, 1955, to which we have referred. A copy of this document had been served on him; but he was unaware when he filed the petition of June 21, 1955, seeking a hearing on the Report and Recommendation, that the court, without the notice to him required by 21 D.C.Code § 311 (1951) had already acted on the basis of this Report and Recommendation, that is, had on April 6, 1955, adjudged him to be of unsound mind. In these circumstances the denial of his petition of June 21, 1955, which occurred the same day it was filed,[4] did not constitute res judicata as to the validity of the decree of April 6, 1955, of which, as we have said, he was unaware and as to which he accordingly sought no relief in his petition of June 21, 1955.

■ Since the decree of April 6, 1955, was made without the notice to appellant explicitly required by the Code we shall order it set aside. See Dooling v. Overholser, 100 U.S.App.D.C. 247, 243 F.2d 825; Overholser v. Treibly, 79 U.S.App. D.C. 389, 147 F.2d 705; Barry v. Hall, 68 App.D.C. 350, 98 F.2d 222. While Rule 81(a) (1), Fed.R.Civ.P., 28 U.S.C.A., makes the Federal Rules of Civil Proce-

2. The most pertinent legislative history is found in H.R.Rep. No. 1261, 76th Cong., 1st Sess. 3 (1939), which states:
    "The present bill provides that upon written application a person may be temporarily confined in Gallinger Municipal Hospital where he will be examined within 5 days by the staff of Gallinger Hospital. If sane, the person would be immediately released. If declared insane, he may be immediately transferred to St. Elizabeths Hospital and such transfer will be reported to the Commission. If in the determination of the Commission he be found not to be sane, then it shall be the duty of the Commission to apply to the court for a date for a hearing. The patient and his relatives are notified of such date and unless the

patient or his relatives request a jury trial the court determines the sanity or insanity of the patient and if insane signs an order committing said person to St. Elizabeths Hospital for an indefinite period."

3. Judges Washington and Burger conclude that this holding should be prospective only. See Dooling v. Overholser, 100 U.S.App.D.C. 247, 251, 243 F.2d 825, 829. I would leave that aspect of a case open, since we have the power in appropriate circumstances to make a decision prospective should developments indicate the desirability of doing so.

4. No appeal was taken from the denial.

dure, including Rule 60(b) (6),[5] inapplicable to lunacy proceedings in the District Court for the District of Columbia except to appeals therein, that court in the exercise of its rule-making power has expressly provided in Rule 1(b) of the Rules of the United States District Court for the District of Columbia as follows: "In * * * lunacy proceedings the Federal Rules of Civil Procedure and these General Rules apply so far as practicable and to the extent that matters of procedure are not specifically provided by statutes or rules of this Court." We find no post-judgment procedure comparable to Rule 60(b) (6), Fed.R.Civ.P., specifically provided by statute or rule of court in lunacy proceedings and no reason why equitable relief should be inapplicable.[6] As the Memorandum of the Corporation Counsel states, should we find that there was a failure to serve personally upon appellant the notice of the final hearing in court, and that appellant was prejudiced thereby, both of which we find, appropriate relief may be extended to appellant. In all the peculiar circumstances shown by the record we cannot say that the delay on his part in initiating the present proceedings some two and one-half years after he learned of the decree of April 6, 1955, was unreasonable. No one has been adversely affected by the delay except appellant himself. Nothing to impair the ascertainment of any material fact can be attributed to this passage of time. We think it is far more reasonable in the circumstances of this case to correct this matter now than to hold that the delay in initiating proceedings to do so bars relief to appellant. Cf. Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 1099. And see Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207.[7]

Reversed and remanded with direction to set aside the decree of April 6, 1955.

---

5. This clause provides that in addition to specified grounds such as mistake, fraud, voidness, et cetera, the court may relieve a party from a final judgment, order, or proceeding for "any other reason justifying relief from the operation of the judgment" if the motion to that end is filed within a reasonable time. Rule 60 (b) (6), Fed.R.Civ.P.

6. As the Memorandum of the Corporation Counsel states, Rule 60(b) represents an effort to codify the equitable practice with respect to the correction of judgments after the time for appeal has expired, citing 3 Barron & Holtzoff, Federal Practice and Procedure § 1321 (1958).

7. The Corporation Counsel takes the position that were the court to expunge from the records the decree of April 6, 1955, as appellant requests, the Clerk of the District Court would be a necessary party; but since we do not order the record expunged but only that the decree be set aside, the Clerk is not a necessary party.