In the Matter of Richard V. HELMAN, Appellant.

No. 15919.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 4, 1961.

Decided March 2, 1961.

Mr. John J. Dwyer, Washington, D. C., for appellant.

Mr. Hubert P. Pair, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, and Milton D. Korman, Principal Asst. Corp. Counsel, were on the brief, for the District of Columbia.

Before EDGERTON, BAZELON and BURGER, Circuit Judges.

PER CURIAM.

Appellant was adjudged insane on October 7, 1958. An order of restoration of sanity and unconditional release from St. Elizabeths Hospital was entered on May 7, 1959. Thereafter he moved to vacate the adjudication of insanity. The District Court denied this motion, and he appeals.

In an affidavit accompanying the motion, appellant charged that, contrary to the affidavits filed by two physicians under § 21–327 of the District of Columbia Code,[1] he never saw or talked with either of these physicians prior to his arrest on September 21, 1958. Some support for this claim appears in an affidavit of appellant's mother. Appellant also charges that one of the physicians spoke to him only momentarily after his arrest. This physician testified before the Commission on Mental Health that he had examined appellant and concluded that hospital care was required. All of these charges are unopposed in the present state of the record.

For all that now appears, if these claims survive in further proceedings, appellant would be entitled to the relief he seeks under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.[2] Dausel v. Dausel, 90 U.S.App.D.C. 275, 195 F.2d 774 (1952).

Nor is the case mooted by the intervening restoration and release. The period during which the adjudication of insanity prevailed has practical and legal significance making this a living rather than a hypothetical dispute.[3] For example, if appellant's competency should

1. This section, D.C.Code § 21–327 (1951), provides in pertinent part:

"* * * before the major and superintendent of the said Metropolitan police shall order the apprehension and detention of any person upon the affidavits of the aforesaid residents or in case of arrest as provided in section 21–326, he shall * * * require the certificate of at least two physicians who shall certify that they have examined the person alleged to be insane or of unsound mind, and that such person should not be allowed to remain at liberty and go unrestrained, and that such person is a fit subject for treatment on account of his or her mental condition."

2. Although the rules by their own terms do not apply to lunacy proceedings in the District Court for the District of Columbia, the provisions of Rule 60(b) are applicable by virtue of Rule 1(b) of the District Court's rules. Lafferty v. District of Columbia, 107 U.S.App.D.C. 318, 277 F.2d 348 (1960).

3. Cf. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946).

be attacked in the future in any civil proceeding, the adjudication of insanity would be material notwithstanding the subsequent restoration. If the adjudication of insanity was procured in the manner alleged, it ought not to be available for that purpose.

The appealed order is reversed and the case is remanded to the District Court for further proceedings consistent with this opinion.

Reversed and remanded.