**UNITED STATES of America**

**v.**

**William BATTLE, Appellant.**

**No. 73–1862.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 23, 1974.

Decided Jan. 9, 1975.

Rehearing Denied Feb. 18, 1975.

Fred Warren Bennett, Washington, D. C., for appellant.

Joseph B. Valder, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty. at the time the brief was filed, John A. Terry and Robert S. Tignor, Asst. U. S. Attys., were on the brief for appellee. Earl J. Silbert, U. S. Atty., also entered an appearance for appellee.

Before EDWARDS,* Circuit Judge for the Sixth Circuit, and TAMM and WIL-KEY, Circuit Judges.

TAMM, Circuit Judge:

Appellant, indicted on a charge of possession of stolen mail in violation of 18 U.S.C. § 1708 (1970), was found not guilty by reason of insanity by Senior District Court Judge Leonard P. Walsh, who ordered Battle committed to St. Elizabeth's Hospital. After a three month hospitalization, St. Elizabeth's recommended appellant's unconditional release, and the District Court entered an appropriate order. Appellant argues that the indictment should be dismissed

because the principal evidence against him, a United States Treasury check, was the fruit of an unconstitutional search and seizure. The Government urges us to dismiss the appeal as moot in light of appellant's unconditional release. We find the appeal is not moot, reject appellant's fourth amendment argument, and affirm.

## I. MOOTNESS

The order for release, although unconditional, did not set aside the finding of not guilty by reason of insanity or the order of commitment to St. Elizabeth's Hospital. The adjudication of insanity, which is the functional equivalent to an adjudication of guilty but insane, remains upon appellant's record. See, e. g., United States v. Ashe, 155 U.S.App. D.C. 457, 478 F.2d 661, 663 (1973); Austin v. United States, 127 U.S.App.D.C. 180, 382 F.2d 129, 138 n.21 (1967). Clearly these orders would not have been entered if the motion to suppress had been granted. Although the Government argues that appellant is a schizophrenic with 20 previous hospitalizations, we cannot say on this record that there are not collateral consequences from this order, since it is apparently the only formal order of commitment for insanity on his record. See In re Ballay, 157 U.S. App.D.C. 59, 482 F.2d 648, 651–653 (1973); Justin v. Jacobs, 145 U.S.App. D.C. 355, 449 F.2d 1017, 1018–1020 (1971); In re Helman, 109 U.S.App.D.C. 375, 288 F.2d 159 (1961). Under the standards of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), we feel that this appeal remains a continuing case and controversy. See also Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

## II. THE FOURTH AMENDMENT ISSUE

The record of the suppression hearing discloses the following:

Mrs. Barbara Walker lived in an apartment above a grocery store at 2216

* Sitting by designation pursuant to 28 U.S.C. § 291(a).

Eighteenth Street, N.W., Washington, D.C. On November 30, 1972, Mrs. Walker, expecting her food stamp check, went down to inspect her mailbox, but found it empty. She then ran across the street, intercepted her mailman, and inquired about her check, telling him it was not in her mailbox. The postman told her, "Yes, it was, Mrs. Walker, because I just put in there." Tr. 51–53.

Mrs. Helen Bell testified that she had seen the mailman place mail in Mrs. Walker's mailbox (two doors away) and then saw appellant raise the top and look in the box. Tr. 27–30. Although she did not see appellant remove anything from the mailbox, he was still standing close to it when Mrs. Bell went to the store. Tr. 29–30. Later when Mrs. Bell saw appellant inside the store, she told the store manager, Mrs. Baldwin, that she had seen him at Mrs. Walker's mailbox. Tr. 31–33. The store owner reported this to Detective Swiner when Mrs. Walker brought the detective to the store. Tr. 43, 64.

Approximately two hours later, Detective Swiner received a radio call to return to the same store, and on arrival he found Mrs. Baldwin and Mrs. Walker there, along with appellant whom they identified to Swiner. Swiner thereupon arrested appellant and warned him of his rights. Appellant had a suitcase and a shopping bag with him, and these items were taken, along with appellant, to the Thirteenth Precinct Station. Tr. 68–70. There, a search of the shopping bag revealed the government envelope containing Mrs. Walker's food stamp check. Tr. 70–72.

Asked why the shopping bag was not searched at the scene of Battle's arrest, Detective Swiner testified that "[p]eople were gathering and there was a lot of commotion going on, so it was best to examine it at the office rather than at the store." Tr. 73. He repeated that explanation on cross-examination. Tr. 83. Also on cross-examination, Detective Swiner admitted he had neither an arrest nor search warrant at the time and that he "supposed a Magistrate would

have been available at the time (a weekday afternoon). Tr. 85–86.

■ Appellant argues both that his warrantless arrest was not based upon probable cause and that the warrantless search of the shopping bag violated the fourth amendment. It is clear that from the facts recounted above there existed probable cause for appellant's arrest. *See* Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). As to the search of the shopping bag, it is now firmly established that the police may conduct a warrantless search of a lawfully arrested person and the area within his immediate control, both for weapons and for fruits and instrumentalities of the crime which might be concealed or destroyed. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Chimel v. California, 395 U.S. 752, 762–763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The question, therefore, is whether the search of the shopping bag falls within this doctrine.

■ In Draper v. United States, 358 U.S. 307, 314, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959), the Supreme Court upheld, albeit without discussion, the warrantless search of a suitcase as incident to a lawful arrest. Several circuit courts have also rejected challenges to the warrantless search of luggage or briefcases after a valid arrest. *See* United States v. Kaye, 492 F.2d 744 (6th Cir. 1974); United States v. Frick, 490 F.2d 666 (5th Cir. 1973), cert. denied sub nom, Peterson v. United States, 419 U.S. 831, 95 S.Ct. 55, 42 L.Ed.2d 57 (1974); United States v. Burch, 471 F.2d 1314 (6th Cir. 1973); United States v. Mehciz, 437 F.2d 145 (9th Cir.), cert. denied, 402 U.S. 974, 91 S.Ct. 1663, 29 L.Ed.2d 139 (1971). *But cf.* United States v. Soriano, 482 F.2d 469 (5th Cir. 1973) (warrantless search of luggage seized from automobile trunk held invalid). We agree and hold that hand baggage within the immediate control of the arrestee falls within the scope of a permissible search incident to arrest.

■ The only remaining inquiry is whether the circumstances of this case—

the fact that the search was delayed until the arrestee was brought to the police station—remove the search from the rule articulated above. We think not. The Supreme Court's recent decision in United States v. Edwards provides the controlling rationale:

> once the accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed between the arrest and subsequent administrative processing, on the one hand, and the taking of the property for use as evidence, on the other.

415 U.S. 800, 807, 94 S.Ct. 1234, 1239, 39 L.Ed.2d 771 (1974). We cannot believe that the *Edwards* rule could be clearer, or be more applicable to the search complained of here.

Moreover, we note that even before *Edwards,* courts of appeals upheld suitcase searches which occurred sometime after arrest. In United States v. Kaye, *supra,* the search took place at an airport security office after appellant had been subdued and disarmed. In United States v. Mehciz, *supra,* the search occurred after appellant had been handcuffed. If there are any doubts about the correctness of these holdings, *Edwards* has certainly resolved them.

The judgment is
Affirmed.

EDWARDS, Circuit Judge (concurring):

I believe the Fourth Amendment should be construed so as to require search warrant procedures under the facts of this case. 1) The defendant was under arrest. 2) The shopping bag was in the police station under complete police control. 3) There was a magistrate available.

I have to agree, however, that the Supreme Court's decisions in the *Draper,* *Robinson* and *Edwards* cases relied upon and cited in Judge Tamm's opinion have decided this issue otherwise. For that reason I concur.