**172**

In the Matter of Ralph A. BROWN,
Patient.
MH Nos. 1327–60, 1775–59.

United States District Court,
District of Columbia.
June 17, 1975.

John Joseph Matonis, Washington, D. C., for movant.

David W. Stanley, Asst. U. S. Atty., for Government.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### I. INTRODUCTION

Ralph Brown was committed to St. Elizabeth's Hospital by this district court in 1959 and again in 1960, pursuant to D.C.Code § 21–311 *et seq.*, on the ground that he was not sane. In 1962, he was declared legally sane and released from civil custody. He has been free since that time.

Brown petitioned this Court in May of last year to declare illegal and vacate the two commitments on the ground that the statutory procedure for commitment had been incorrectly followed in 1959 and 1960, and that the statute itself, which has since been rewritten completely, was unconstitutional on its face and as applied.

This Court summarily denied Brown's petition in August of last year, but Brown then motioned for reconsideration of the summary denial, and this Court granted his motion. The Court finds that a declaration of the illegality of the commitment orders and their vacation will free Mr. Brown from a stigma which has adversely affected his employment; but, this equitable relief will not prejudice any governmental interest. Therefore, the Court will grant the requested relief.

II. ALTHOUGH THE DISTRICT OF COLUMBIA COURT REORGANIZATION ACT OF 1970 VESTS EXCLUSIVE JURISDICTION OVER MENTAL HEALTH MATTERS IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA, PETITIONER'S INSTANT MOTION IS A PART OF TWO PROCEEDINGS BEGUN IN THIS COURT LONG BEFORE THAT ACT CAME INTO LAW, AND THEREFORE THIS COURT HAS JURISDICTION OVER THE MATTER.

The Municipal Court of Appeals for the District of Columbia held in a 1960 case that an action brought in the Domestic Relations Branch of the Municipal Court for the District of Columbia to enforce an order of the United States District Court for the District of Columbia acting in its capacity as a local probate court must be dismissed. *Johnson* v. *Austin,* 162 A.2d 495 (D.C.

Mun.Ct.App.1960). The Court reached this result despite the existence of a local statute vesting exclusive jurisdiction in the Municipal Court for the type of relief requested. The Municipal Court of Appeals reasoned that since the district court had "assumed jurisdiction over the parties, that jurisdiction continued for all purposes, and if either party felt aggrieved by the orders of the court his remedy lay with that court or on appeal therefrom." 162 A.2d at 497. The court said in effect that since the case *began* in the district court, all proceedings with regard to that case must *remain* in the district court or on appeal therefrom. 162 A.2d at 498.

The District of Columbia Court Reorganization Act of 1970, D.C.Code § 11–101 *et seq.* provides that jurisdiction over mental health matters vests exclusively in the Superior Court. However, Brown's instant motion is a part of the two proceedings begun in 1959 and 1960, long before the 1970 Court Reorganization Act came into law. Therefore, in accordance with *Johnson, supra,* this Court has jurisdiction over the matter and must consider the motion before it.

III. FED.R.CIV.P. 60(b) RETAINS THE SUBSTANCE OF THE COMMON LAW WRITS EXPRESSLY ABOLISHED BY THAT RULE, AND APPLICATIONS FOR RELIEF MISTAKENLY DESIGNATED AS ONE OF THE ABOLISHED WRITS WILL BE TREATED AS IF BROUGHT UNDER THAT RULE.

Petitioner requests this Court to vacate all of the orders entered in each of the above-entitled matters under Rule 60(b) of the Federal Rules of Civil Procedure and under the Court's inherent power to issue writs *coram nobis* and *audita querela.*

The government contends however that this Court has no such power because both the writ of *coram nobis* and the writ of *audita querela* have been expressly abolished in civil cases by the last sentence of Rule 60(b).[1]

■ The government's argument has no merit. Rule 60(b) provides for the setting aside of judgment once the statutory period for appeal has run, and it is generally accepted that the rule was intended merely to codify and simplify common law methods of gaining equitable relief from unfair judgments after the time for appeal has expired. *Lafferty* v. *District of Columbia,* 107 U.S. App.D.C. 318, 277 F.2d 348, n. 6 at 351 (1960).

Once the new Rule 60 provided codification and simplification there was no reason to retain the procedurally outmoded common law writs. Therefore, the promulgators abolished the archaic writs. *Wright and Miller, Federal Practice and Procedure: Civil* § 2867 (1973), 7 *J. Moore, Federal Practice* ¶ 60.26[5], at 88 (2d ed. 1974).

■ Although Rule 60(b) puts an end to the procedural complexity of the ancient remedies, it is well-settled that the Rule fully retains their substance. *II Wright and Miller, supra,* § 2867, at 237, citing *Marshall* v. *Marvins Credit, Inc.,* 122 A.2d 583, 584 (D.C.Mun.Ct. App.1956), 7 *J.Moore, supra,* ¶ 60.16[1] at 75, ¶60.34, at 516, 516.2. Moreover, it has been held that applications for relief mistakenly designated as one of the writs abolished by Rule 60(b) must be treated as if brought under the new Rule; nomenclature is irrelevant. *II Wright and Miller, supra,* § 2867, at 237, citing *In re Cremidas' Estate,* 14 Alaska 234, 14 F.R.D. 15 (D.C.Alaska 1953), *In Kennear-Weed Corp.* v. *Humble Oil & Ref. Co.,* 403 F.2d 437 (5th Cir. 1968).

---

1. The last sentence of Rule 60(b) reads: "Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

■ Therefore, it is clear that this Court has jurisdiction to grant petitioner the relief which he requests, under Rule 60(b) of the Federal Rules of Civil Procedure.

## IV. FED.R.CIV.P. 60(b) SHALL APPLY TO MENTAL HEALTH PROCEEDINGS IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA BECAUSE SUCH AN APPLICATION IS CONSISTENT WITH THE MEANING OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE MEANING OF THE LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA.

■ Having failed in its first argument that Rule 60(b) applies and prevents the Court from granting relief in the nature of the common law writs, the government further contends that the substantive relief provided by Rule 60(b) does not apply in this case.

The government's second argument is based on the express terms of Rule 81(a)(1) of the Federal Rules of Civil Procedure: "These rules * * * do not apply to mental health proceedings in the United States District Court for the District of Columbia."[2] The government, however, misperceives Rule 81(a)(1) as a mandatory prohibition. Congress did not intend it as such. Congress meant not to *prohibit* the application of the Federal Rules to mental health proceedings in this Court, but merely to carve out an exception[3] from the general mandate of Federal Rule 1 that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature. . . ." Rule 81(a)(1) is an exception, not a prohibition.[4]

2. The government's two arguments, if taken together, would lead to a curious result. The government requests application of the last sentence of Rule 60(b), which abolishes the common law writs, and simultaneously requests that no application be made of any portion of the Federal Rules, other than Rule 81(a)(1). However, it is obvious that if the Federal Rules were not to apply to mental health proceedings in this Court, then Rule 60(b) would not apply; and if Rule 60(b) were not to apply, then the Court is free to utilize the common law writs expressly abolished by that Rule. The Court would have this equitable power inherently, as well as pursuant to the "all-writs statute", 28 U.S.C. § 1651.

However, the Court views this easy logic, which would lead to the application of the outdated common law writs, as faulty. The result would defeat the clear purpose of the federal rules, which were intended to simplify and dignify the process of justice in the federal courts. A return to the procedure of the ancient writs would achieve the opposite end.

3. Although the exception is express, the reasons for the exception are shrouded in mystery. Neither the Court nor the parties has found any authoritative statement of the purpose behind the exception. The Court presumes, however, that it was beyond the promulgators' scope of authority to provide that the new Federal Rules adhere in cases for which the district court sat in a local capacity. This explanation would fit the instant situation, where this Court sat as a local tribunal to serve a purely local function. Until the enactment of the District of Columbia Court Reorganization Act of 1970, this Court sat as a local court for many of its functions. These particular functions, one of which was to provide a legal forum for mental health proceedings, were peculiar to the United States District Court for the District of Columbia by virtue of its unique constitutional framework. Thus viewed, the exclusionary provision of Rule 81(a)(1), which until amended included probate and adoption as well as mental health proceedings, is easily understood.

4. One of the original draft versions of the current Rule 81(a)(1) read in pertinent part as follows: "These rules * * * *shall not* apply to probate or lunacy proceedings in the District Court of the United States of America for the District of Columbia except to appeals therein." (Emphasis added). *Supreme Court of the United States, Report of the Advisory Committee on Rules for Civil Procedure*, at 206 (April 1937). In the final draft version of the Rules, the following amendment was made: "Subdivision (a)(1), page 206, line 11.

The question of what procedure *would* apply was left for the United States District Court for the District of Columbia to decide pursuant to Federal Rule 83. Rule 83 provides in part: "in all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules." One member of the Advisory Committee said that this provision was

"one of the most important and salutary in the entire set of rules. It closes all gaps in the rules. It puts an end to the whole of the Conformity Act, and it permits judges to decide the unusual or minor procedural problems that arise in any system of jurisprudence in the light of the circumstances that surround them and of the justice of the case without the complications and injustice that must attend attempts to forecast the situations and to regulate them in advance either by general or local rule." [5]

Thus, Rule 83 encourages the district courts to promulgate their own local rules whenever a particular situation is not provided for in the federal rules.

Pursuant to Rule 83, the United States District Court for the District of Columbia issued its local rules. Local

Rule 1(b) provided in its original form: "In . . . lunacy proceedings the Federal Rules of Civil Procedure and these General Rules apply so far as practicable and to the extent that matters of procedure are not specifically provided by statutes or rules of this Court."

Local Rule 1(b) was later rewritten, and all reference to mental health proceedings was deleted. However, notwithstanding this deletion and despite the government's argument to the contrary, the new language of the local rule in no way prohibits the application of the federal rules to mental health proceedings in this Court. The new language is permissive, not prohibitive, and invokes the Court's discretion: "The rules under this title, issued pursuant to Rule 83 of the Federal Rules of Civil Procedure, supplement the Federal Rules of Civil Procedure and shall be construed in harmony therewith." [6]

Therefore, the Court holds that it is perfectly consistent with the meaning of the federal rules and the meaning of the Local Rules of the United States District Court for the District of Columbia to apply Rule 60(b) to mental health proceedings in this Court.[7]

Strike 'shall not' and substitute 'do not'." *Supreme Court of the United States, Final Report of the Advisory Committee on Rules of Civil Procedure*, at 53 (November 1937). The Court interprets the above amendment as extremely significant. Removal of the prohibitive language and its replacement by the more exclusionary language completely altered the impact of the provision. Thus Rule 81(a)(1), as enacted by Congress in 1938, provides that this District Court may choose, if it so wishes under appropriate circumstances, to apply the Federal Rules to mental health proceedings under its jurisdiction.

5. Statement of Edgar Tolman, Proceedings, Washington Institute on the Federal Rules, at 129 (1938), as cited in 12 *Wright and Miller, supra*, § 3155.

6. Local Rule 1–1(b), Local Rules of the United States District Court for the District of Columbia.

7. Two previous cases have held that Rule 60(b) does apply to mental health proceedings in the District of Columbia. *Lafferty v. District of Columbia, supra*, and *In re Helman*, 109 U.S.App.D.C. 375, 288 F.2d 159 (1961). However, as the government aptly points out, these two cases relied on the original Local Rule 1(b) of this Court, which referred specifically to "lunacy proceedings" and provided that the Federal Rules would "apply so far as practicable and to the extent that matters of procedure are not specifically provided by statutes or rules of this Court." As noted above at p. 176 Local Rule 1(b) has been rewritten and all reference to mental health proceedings has been deleted. Nevertheless, despite the fact that the reasoning of *Lafferty, supra*, and *Helman, supra*, has become outmoded as a result of changes in the language of the Local Rules, the two cases do support *in spirit* the conclusion the Court reaches today.

V. THE 1959 AND 1960 COMMIT-
MENTS OF PETITIONER WERE
EACH PROCEDURALLY DEFI-
CIENT.

A. *The 1959 Commitment.*

The 1959 commitment was clear-
ly tainted procedurally because Brown's
commitment hearing was held before the
Mental Health Commission instead of
before the court, as required by D.C.
Code § 28–311 (1951). *Lafferty, supra,*
at 349–50.

B. *The 1960 Commitment.*

Petitioner was removed from the
rolls of St. Elizabeth's Hospital in 1960
for unrelated and unimportant reasons.
His family then decided to have him
committed again. By this time, how-
ever, as a result of the *Lafferty* case,
*supra,* the procedural error referred to
above had been corrected, and commit-
ment hearings were being held before
the district court.

Nevertheless, there were other proce-
dural errors in this proceeding:

(1) One of the two required support-
ing affidavits, submitted in sup-
port of the commitment, was in-
sufficient. It contained repeated
hearsay statements and no state-
ment of the length of time which
the affiant had known the alleged
insane person.

(2) There is no evidence that the pe-
titioner herein received a prelimi-
nary medical examination within
5 days of his admission, as re-
quired by statute.

(3) Petitioner was held at the hospi-
tal for 18 days before he received
a preliminary hearing. The stat-
ute requires a hearing within 7
days.

(4) Petitioner was probably afforded
ineffective assistance of counsel,
because his court-appointed
*guardian ad litem* signed a boil-
er-plate form stating that he con-
curred in the Commission's rec-
ommendation of commitment.

VI. SINCE THIS COURT'S EQUITA-
BLE POWERS ARE INVOKED
AND SINCE THE EQUITABLE
CONSIDERATIONS ARE IN FA-
VOR OF THE PETITIONER,
THIS COURT HOLDS THAT RE-
LIEF PURSUANT TO FED.R.
CIV.P. 60(b) IS APPROPRIATE.

Petitioner merely seeks a *decla-
ration* of the illegality of the 1959 and
1960 commitments and a *vacation* of the
respective orders so that he can explain
to potential employers where he was
during the years 1959–62, without jeop-
ardizing his chances of gaining employ-
ment. He does not seek to expunge any
record.

There appears to be no harm to the
government in granting the requested
relief, especially since the law in ques-
tion was rewritten completely in 1964.
The new procedural safeguards are far
stricter than those in the old act, and it
is safe to assume that the questionable
constitutionality of the earlier law was
an important reason for its repeal.

The equities favor petitioner in this
case. From the record, it appears that
petitioner consented to his second com-
mitment. However, considering that his
family was subjecting him to the com-
mitment ordeal for the second time in
one year, that he was given ineffective
assistance of counsel, and that he proba-
bly was having some difficulty coping
with his situation, such a willingness is
not surprising. Furthermore, the peti-
tioner's family initiated and carried for-
ward the proceeding; in contrast, a
"voluntary commitment" today is initiat-
ed and carried forward by the allegedly
insane person, alone, under a procedure
different from that utilized here.

Finally, petitioner has been living
since 1962 outside the confines of St.
Elizabeth's. To release him now from
the stigma of a 15-year-old, procedurally-

incorrect commitment would be in complete conformance with the ends and requirements of justice.

An order will be entered consistent with this opinion.