124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Melvin WARREN, Petitioner-Appellant,
v.
Angelo CAMPAGNA, Respondent-Appellee.
 No. 95-3043.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 13, 1997.*
Decided Aug. 13, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 Before Hon. John L. COFFEY, Circuit Judge, Hon. Joel M. FLAUM, Circuit Judge Hon. Michael S. KANNE, Circuit Judge.
 
 ORDER
 
 1
 In February 1992 Melvin Warren was found not guilty by reason of insanity in state court for the murder of his seven-year-old grandson. After hearing testimony from his psychiatrist, the court found Warren in need of inpatient mental health services and committed him to the Department of Mental Health and Developmental Disabilities for thirty years. Warren appealed. During the pendency of that appeal, Warren filed a petition for a writ of habeas corpus in federal district court which was dismissed without prejudice for failure to exhaust his state court remedies. Subsequently, the Illinois Appellate Court affirmed his commitment and Warren did not seek leave to appeal that decision. He then filed a petition for discharge with the trial court which was denied. Warren appealed that denial and also filed a second petition for discharge. During the pendency of his appeal and his second petition for discharge, he filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 claiming that he was wrongfully committed based on an allegedly involuntary confession and in the absence of evidence that he was dangerous; that his crime was due to police negligence; and that his counsel was ineffective due to the failure to call a witness who would have testified that he was suitable for outpatient treatment. Warren does not challenge the not guilty by reason of insanity finding.
 
 
 2
 Meanwhile, the Illinois Appellate Court summarily affirmed the denial of his first petition for discharge. The trial court granted Warren's second petition for conditional discharge for a period of five years but not to exceed eight years.[2] The state filed a motion to dismiss the petition for a writ of habeas corpus arguing that the petition was moot and, in the alternative, that all of the claims were procedurally defaulted. The district court granted the motion to dismiss and Warren appeals contending that his petition was not moot because he was subject to recommitment.[3]
 
 
 3
 Because Warren challenged only his continued confinement and not the determination that he was not guilty by reason of insanity, his petition is moot, see Lane v. Williams, 455 U.S. 624, 631 (1981), unless he suffers collateral consequences as a result of his inpatient commitment. Puchner v. Kruziki, 111 F.3d 541, 543 (7th Cir.1997) ("The mootness inquiry turns ... on whether sufficient collateral consequences of the conviction persist to give the petitioner 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentences imposed on him.' ") (quoting Carafas v. La Vallee, 391 U.S. 234, 237 (1968)),. It is the respondent's burden to rebut the presumption that collateral consequences exist. Bryan v. Duckworth, 88 F.3d 431, 433 (7th Cir.1996). We conclude that the respondent has not met its burden,[4] and thus we cannot conclude that Warren's petition is moot.
 
 
 4
 Warren has, however, procedurally defaulted his claims. "Federal habeas relief is available only when a petitioner has given the state courts a full and fair opportunity to review a claim, when there is cause and prejudice for the failure to raise the claim in state court or when the default would lead to a fundamental 'miscarriage of justice.' " Steward v. Gilmore, 80 F.3d 1205, 1211 (7th Cir.1996). "[F]ailure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court." Hogan v. McBride, 74 F.3d 144, 146 (7th Cir.1996). Two of Warren's claims, police negligence and ineffective assistance of trial counsel, were never presented to the state court; thus, they are procedurally defaulted. See McGowan v. Miller, 109 F.3d 1168, 1172 (7th Cir.1997) (stating that a habeas petitioner first must present any federal claims in state court or risk procedural default). Furthermore, under Illinois law, those claims which are raised on direct appeal but are not presented in a petition for leave to appeal to the Supreme Court generally are deemed waived, unless direct review of the claim has been "unconstitutionally denied by deprivation of the right to appeal, the right to competent counsel on appeal, or the concept of fundamental fairness." People v. Frank 272 N.E.2d 25, 27 (Ill.1971). Although Warren raised on appeal his claims that his confession was involuntary because he was mentally ill and that he improperly was committed to inpatient treatment, he failed to petition the Illinois Supreme Court for leave to appeal. Accordingly, because Warren does not claim that direct review of these two claims was unconstitutionally denied, the claims also are procedurally defaulted.
 
 
 5
 AFFIRMED AS MODIFIED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [2]
 The conditional discharge allowed him to live with his sister while he participated in outpatient treatment at the Isaac Ray Center
 
 
 [3]
 Warren's brief on appeal does not comply with Federal Rule of Appellate Procedure 28(a)(6) (the argument portion of an appellant's brief must contain citations to the authorities, statutes, and parts of the record relied on). However, because we may hold a pro se appellant's brief to a lower standard than one prepared by counsel, we will address the arguments we can identify in Warren's brief. Hilgeford v. People's Bank 776 F.2d 176, 178 (7th Cir.1985) (per curiam). In addition, we note that the appellant has failed to include the district court's judgment below in violation of Federal Rule of Appellate Procedure 30(a)(3). See generally In re Galvan, 92 F.3d 582 (7th Cir.1996)
 
 
 [4]
 See, e.g., United States v. Battle, 510 F.2d 776 (D.C.Cir.1975) (stating that appeal of defendant who had been found not guilty for possession of stolen mail by reason of insanity and was ordered unconditionally released was not moot because the adjudication of insanity remained on defendant's record); In re Ballay, 482 F.2d 648, 651-52 (D.C.Cir.1973) (concluding that "the collateral consequences of being adjudged mentally ill remain to plague appellant")