**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thomas Hamlin McGARRITY, Jr.,
Defendant-Appellant.**

No. 76–3744
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 3, 1977.

Rehearing and Rehearing En Banc
Denied Nov. 7, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

Thomas H. McGarrity, Jr., pro se.

Ovid C. Lewis, Covington, Ky., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., San Antonio, Tex., Frank B. Walker, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

Before THORNBERRY, CLARK and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Thomas Hamlin McGarrity, Jr., appellant, was charged in a three-count indictment of (1) conspiracy to possess heroin with intent to distribute the same in violation of 21 U.S.C.A. § 846;[1] (2) importing heroin into the United States from Mexico in violation of 21 U.S.C.A. § 952(a)(1) and 960(a)(1)[2] and (3) possession of heroin with intent to distribute in violation of 21 U.S.C.A. § 841(a)(1).[3] After jury trial in the Western District of Texas, El Paso Division, appellant was convicted of the charges in Count I of the indictment and brings this appeal. The Government had dismissed Count II, and the jury found Appellant not guilty of the charge in Count III.

The original indictment contained charges against two co-defendants, Paul L. Montgomery and Ruby Swartz. Prior to trial, a motion to sever was granted so that McGarrity and Montgomery were tried separately. Ultimately, the Government's motion to dismiss the indictment as to Swartz was granted.

Prior to the severance, a single hearing had been held on a motion of both McGarrity and Montgomery to suppress evidence discovered and seized during the search of McGarrity's private aircraft. The trial court denied that motion. Thereafter, trial proceeded in the case against Montgomery who, having been found guilty of conspiracy and the substantive offense of possession with intent to distribute, appealed to this Court. The conviction was affirmed by another panel of this Court in the case of *United States v. Montgomery*, 554 F.2d 754, *petition for rehearing denied*, 558 F.2d 311 (5 Cir. 1977). After careful and independent review of the record of the suppression hearing and of the arguments advanced on behalf of McGarrity in the instant appeal, we conclude, as did this Court in the *Montgomery* case, that the search and subsequent seizure of the heroin

---

1. § 846. *Attempt and conspiracy*
   Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

2. § 952. *Importation of controlled substances*
   . . .
   (a) It shall be unlawful to import into the customs territory of the United States from any place outside thereof (but within the United States), or to import into the United States from any place outside thereof, any controlled substance in schedule I or II of subchapter I of this chapter, or any narcotic drug in schedule III, IV, or V of subchapter I of this chapter, except that—

* * * * * *
§ 960. *Prohibited acts A—Unlawful acts*
   (a) Any person who—
   (1) contrary to section 952, 953, or 957 of this title, knowingly or intentionally imports or exports a controlled substance . . . shall be punished as provided in subsection (b) of this section.

* * * * * *

3. § 841. *Prohibited acts A—Unlawful acts*
   (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

* * * * * *

was lawful for the reasons stated in *Montgomery*.

■ Appellant McGarrity also asserts that the evidence adduced by the Government was insufficient to support his conviction for conspiracy. As stated above, the record of the trial of McGarrity is totally distinct from the record reviewed by this Court in *Montgomery* inasmuch as the trials were separate. Thus, even though the Court in *Montgomery* found it necessary to determine whether or not there was sufficient evidence against Montgomery to support his conviction of having conspired with McGarrity, we cannot defer to the Court's conclusion on that subject in *Montgomery* because the issue presented is the sufficiency of the evidence and, thus, our inquiry must be directed to the evidence in the separate McGarrity trial.

■ As in the *Montgomery* case, the record now before us discloses that McGarrity used an alias during the events which led to his arrest. He was present with Montgomery through almost all of the events surrounding the acquisition of the heroin by Montgomery. Furthermore, immediately after the arrest McGarrity said to the arresting officer that he had only just met Montgomery and Swartz (to whom he referred by their aliases) at the El Paso Rodeway Inn and had merely offered to give them a ride in his private airplane from El Paso, Texas to Detroit, Michigan.

We find that there was substantial evidence from which the jury would conclude that this exculpatory statement was false, it appearing that McGarrity had, on his person, the correct name and the correct business and residence address of Montgomery in Detroit, Michigan. Further, he had on his person a writing setting out Montgomery's alias, the telephone number of the Rodeway Inn where he was staying while making the heroin transaction, and Montgomery's room number and telephone extension there. All of the circumstances, coupled with a finding that the defendant

gave a false exculpatory statement formed a sufficient basis for the jury's conclusion that McGarrity was a conspirator with Montgomery. *United States v. Johnson*, 513 F.2d 819 (2d Cir. 1975); *United States v. Sutherland*, 463 F.2d 641 (5th Cir. 1972), *cert. denied*, 409 U.S. 1078, 93 S.Ct. 698, 34 L.Ed.2d 668 (1972).

■ Appellant further complains that, at a point during the trial, near the close of the Government's case, counsel for the Government asked the trial judge, "May I approach the bench, Your Honor?", after which there is an entry reading "(discussion at the bench off the record.)".

Appellant cites 28 U.S.C.A. § 753(b) as requiring that all proceedings be recorded verbatim by the court reporter and urges that the failure of the record to contain the verbatim transcript of the "discussion" at the bench requires a reversal of this conviction.

In *United States v. Upshaw*, 448 F.2d 1218 (5th Cir. 1971), *cert. denied*, 405 U.S. 934, 92 S.Ct. 970, 30 L.Ed.2d 810 (1972), this Court reversed the defendant's conviction because the opening and closing statements of defense counsel had not been recorded, taken down, or transcribed. In *Upshaw* the Court instructed that ". . . exceptions should be few and narrowly construed."

We view this case as such an exception. While we do not endorse the failure of the record to contain a verbatim report of all proceedings in open court, we find the omission of such information in this case to be harmless. *Calhoun v. United States*, 384 F.2d 180 (5th Cir. 1967); *Burns v. United States*, 323 F.2d 269 (5th Cir. 1963), *cert. denied*, 376 U.S. 907, 84 S.Ct. 660, 11 L.Ed.2d 606 (1964).

The record shows that, at a few minutes before 4:00 p. m., counsel had completed the examination and cross-examination of a Government witness. It was at that point that Government counsel asked permission to approach the bench and the unreported discussion with the judge took place. Im-

mediately thereafter, counsel for the Government announced, on the record, that he and the defense had arrived at a stipulation which would make it unnecessary to examine a government chemist. Then a stipulation that a substance seized from the aircraft had been examined by the chemist and found to be heroin was read into the record. With the proceedings thus foreshortened, counsel for the Government had no other witness available that afternoon. Thereupon, the judge announced to the jury that he had only just been informed that, by diligent and proper effort, counsel for the parties had been able to reach the stipulation and that, at that point, the Government was not prepared to call additional witnesses. This explanation was obviously given to the jurors so that they would understand why the judge was going to recess the trial at an early hour to be resumed on the following morning.

It is abundantly clear from a review of the entire transcript that, at the moment he asked to approach the bench, counsel for the Government was in a position to shorten the trial proceedings by the stipulation. Yet, the Court had not been informed that this could be done. Had the chemist been called as a witness his examination and cross-examination would have consumed the remainder of the afternoon session. After the reading of the stipulation and short instructions to the jury governing their treatment of it, the judge announced to the jury that he had just learned of the availability of the stipulation and that the Government was not prepared to call a witness in lieu of the chemist. There is no entry in the transcript disclosing an opportunity for the judge to have learned these things except during the unrecorded exchange between the judge and Government counsel which immediately preceded the events here discussed. The inference is inescapable that the judge learned of this constructive development in the presentation of the trial during that exchange.

There being no other reasonable conclusion to draw from the record as a whole and there being nothing to indicate that any prejudice resulted to the defendant or to the ability of this Court adequately to review the proceedings in the trial court, we hold that the failure of the record to contain a verbatim transcript of that discussion to be harmless.

The search of the aircraft having been lawful, the introduction of the heroin thus discovered and seized was proper. There having been sufficient evidence of the existence of a conspiracy and McGarrity having been a part of it, judgment of the District Court is

AFFIRMED.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.