811 F.2d 1506
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold LONEY a/k/a Harold L. Richardson, Defendant-Appellant.
 No. 86-6736.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 17, 1986.
Decided Feb. 3, 1987.
 
 Before RUSSELL, HALL and MURNAGHAN, Circuit Judges.
 Harold Loney, appellant pro se.
 Dennis Edward Szybala, Office of the United States Attorney, for appellee.
 PER CURIAM:
 
 
 1
 Harold Loney was convicted in federal district court in 1982 of robbery and assault with intent to commit robbery. He appealed, then voluntarily dismissed his appeal. Immediately thereafter he filed a motion to vacate, correct or set aside his sentence under 28 U.S.C. Sec. 2255 which was dismissed by the district court. The dismissal was affirmed by this Court. Loney later filed a petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2241. This petition was dismissed, and the dismissal was affirmed on appeal.
 
 
 2
 In June of 1986, Loney wrote to the district court complaining of errors in the trial transcript and sentencing hearing transcript. Loney asked that the alleged errors be corrected. The district court denied the relief requested and subsequently declined to reconsider its decision. We affirm.
 
 
 3
 Loney alleges that the trial transcript is inaccurate in that it omits a statement made by the judge to the jury. Loney claims that the trial judge instructed the jury that they could find him guilty of receiving stolen property, thereby amending the indictment, which charged him with robbery. In reality, the judge simply instructed the jury that, if they found that Loney has possessed property recently stolen from the victims and had no good explanation for his possession of it, his possession could be circumstantial evidence of his involvement in the robbery. Loney was convicted of robbery, not of receiving stolen property. Even assuming, arguendo, that there was an omission, such error is harmless if the defendant was not, thereby, denied a fair trial. See United States v. McGarrity, 559 F.2d 1386 (5th Cir.1977), cert. denied, 434 U.S. 1087 (1978). This same principle applied to Loney's contention that he was prejudiced by the court reporter's failure to record verbatim the polling of the jury.
 
 
 4
 Loney further claims that he was hindered on appeal by a discrepancy between the sentence recorded on the judgment and commitment order and the sentence pronounced in court. However, the judgment and commitment order and the transcript from the sentencing hearing agree on the sentence imposed. No prejudice to Loney could have occurred.
 
 
 5
 Therefore, we affirm the judgment of the district court. Because the dispositive issues have recently been decided, we dispense with oral argument.
 
 
 6
 AFFIRMED.