**Albert R. CASTRO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41527.

Court of Criminal Appeals of Texas.

Oct. 30, 1968.

Will Gray, Houston, (on appeal only) for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and F. M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for the possession of marihuana; the punishment, life.

■ The first ground of error is that the trial court prohibited appellant's cross-examination of Officer Chavez upon matters relating to appellant's defense of entrapment.

To support his position, the appellant, in his brief refers to the following testimony of Officer Chavez:

"Q   Did you have a man—did you not tell Albert Castro that you had another man downstairs in regards to this?

"A   No, sir.

"Q   Do you remember discussion a man by the name of Alturo Castro?

"State's Counsel: Your Honor, I object to all these questions as being completely immaterial.

"The Court: I'll sustain it.

"Q   (By Appellant's Counsel) Had you talked with a man by the name of Alturo that night?

"State's Counsel: Your Honor, I object to this as being immaterial.

"Appellant's Counsel: Your Honor, I think it's material. We will tie it in very shortly.

"The Court: I'll sustain it this time.

"Appellant's Counsel: I have no further questions."

The appellant also refers to the following portion of his testimony during the trial on the merits:

"Q Did you have occasion to talk with Officer Chavez later in the evening on June the 13th at the police station?

"A Yes, sir. When I was coming out—

"State's Counsel: Objection, Your Honor. This answer is not responsive if it goes any further. The question was whether or not he talked to him.

"The Court: All right.

"Q (By Appellant's Counsel) Just answer yes or no.

"A Yes, sir.

"Q Did he say anything about having any other people in custody?

"State's Counsel: Your Honor, I object to any further conversation after the man was under arrest at the police station.

"The Court: I'll have to sustain it, counsel."

The appellant also testified in the absence of the jury as follows:

"A I told him (Chavez) no, sir. And I told him, you know, if he wanted to find out something about him, I told him that I got this thing right here from this guy Alturo. And he told me, 'You mean the guy down below?'

"The Court: Now, I can't even understand your answer. You said something about you might lose your car

and the money you had on you and then what?

"The Witness: Well, that's what he started, Your Honor. He told me if I knew this certain fellow named Sammy with a maroon 1966 Chevrolet. I told him no, sir. And he said, 'Are you sure?' And I said yes, sir. And I told him that I had gotten this from this fellow here, you know, that's the only fellow that I knew.

"The Court: That you had gotten it from Alturo Benavides?

"The Witness: Yes, sir. And then, he said, 'Do you mean the fellow down below?'

"The Court: Mean the fellow what?

"The Witness: The fellow down below. That's what he said.

"Appellant's Counsel: Was he referring to downstairs?

"State's Counsel: Your Honor, I object to—

"The Court: Yes, that's sustained. Just, fellow down below.

"Appellant's Counsel: That's all my questions."

From the record, it is concluded that there was no exclusion by the trial court of evidence relating to the defense of entrapment.

Ground of error No. 1 is overruled.

The second and third grounds urged as error are to the admission of the testimony of chemist Christian that the marihuana in question was sufficient to make 22,000 cigarettes; and to the testimony of Officer Garcia regarding the price of marihuana cigarettes in Houston.

The testimony of the state reveals that 22 small bags containing marihuana, which weighed 6,575 grams or approximately fourteen pounds, were found in appellant's car

in Houston immediately after it was stopped by the officers.

Testifying in his own behalf, the appellant, a merchant seaman for about sixteen years, stated that the seller of the marihuana in question came to his beer tavern about one week before he was apprehended in this case and offered to sell him marihuana at $100 per pound, three days later he offered it for $80 per pound, and later telephoned offering to sell him "this right here" (the marihuana here in question) at $50 a pound; that they later met on a parking lot, the seller was supposed to have 100 pounds, but he had only 22 pounds which he bought for $1100, put it in his car, and was later apprehended by the officers with it in the car. The appellant further testified that he did not know he could make marihuana cigarettes from the 22 pounds which would be worth 20 to 30 thousand dollars.

From the testimony revealing the several offers made and the final sale, including the quantities and values mentioned during the negotiations, it is concluded that the admission of the quantity of cigarettes and the selling price of one cigarette was not reversible error.

■ As his fourth ground of error, the appellant contends that the prosecutor informed the jury that appellant had previously been sent to El Reno and had led the jury to believe he had a prior felony conviction.

On direct examination, the appellant testified that he had never before bought, sold or possessed marihuana.

On cross-examination of the appellant, he testified in part as follows:

"Q * * * Your testimony at this time is that you had not bought marijuana for some years prior to June the 13th, 1966, is that right?

"A Yes, sir.

"Q In other words, before 1966 you had bought marijuana on at least one oc-casion that we both know about, had you not?

"A No, sir.

"Q You—now Albert, come on, get your stories straight.

"A No, sir.

"Q You had bought marijuana prior to June the 13th, 1966, and you know it.

"Appellant's Counsel: Your Honor, he's badgering the witness now, and I am going to object to the district attorney conducting this line of investigation further. If he's going to go back to Castro's childhood, I think it's entirely too remote—

"The Court: Come around, gentlemen. (Whereupon attorneys for both sides approached the Bench and had a conversation out of the hearing of the jury and this reporter.)

"Q (By State's Counsel) Albert, now you told me that some years before June the 13th, 1966 you had bought marijuana. It has been some years, is that your testimony?

"A Yes, sir.

"Q Albert, what about the date on June the 21st, 1953 when you were sent to El Reno—

"Appellant's Counsel: Your Honor, this is—

"The Court: Yes, I'll sustain that.

"Q (By State's Counsel) Without going into specifics, you know the incident I'm talking about, don't you?

"A That's when I was a juvenile?

"Q When you were a juvenile. You know the incident I'm talking about.

"A Yes. sir.

"Appellant's Counsel: Your Honor, these matters as in his childhood are not to be questioned about at this time.

"State's Counsel: Your Honor, counsel asked the defendant had he ever bought marijuana. He did not limit the question to the—to since the defendant has been an adult. Therefore, I don't think it would be fair for the jury for me to be cut off on the same limitation that counsel doesn't want to place on himself.

"The Court: I'll sustain it.

"Q (By State's Counsel) It's your testimony now, Albert, that you had bought marijuana prior to June the 13th, 1966—

"Appellant's Counsel: Your Honor—

"State's Counsel:—but it had been some years. Is that right?

"Appellant's Counsel: Your Honor, again—

"The Witness: Sir, when I got caught that time I was a juvenile—

"Appellant's Counsel: Your Honor, again, we would like to object to anything that happened while Castro was a juvenile is not—

"The Court: I'll sustain it.

* * * * * *

"Q Do you use marijuana yourself?

"A I smoked, when I was a kid, yes, sir."

The court sustained every objection made by the appellant and no requests for any instructions to the jury not to consider such testimony or for a mistrial was made.

In light of the record, no reversible error is presented. Echols v. State, Tex.Cr.App., 370 S.W.2d 892. Ground of error No. 4 is overruled.

 The following argument to the jury by the prosecutor is urged as a ground of error:

"  *   *   *

"I've been in this office some five years as an Assistant District Attorney. This is by far the largest—

"Appellant's Counsel: Your Honor, this is—

"The Court: That's sustained. The Jury won't consider that for any purpose whatsoever."

In view of the prompt action of the trial court, no error is presented.

The judgment is affirmed.