Hector ZUBIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 53260.

Court of Criminal Appeals of Texas.

Nov. 24, 1976.

Odell S. Holmes, Jr., El Paso, for appellant.

George N. Rodriquez, Jr., County Atty., and J. Todd Southern, Asst. County Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for driving while intoxicated. Appellant waived his right to a trial by jury and entered a plea of guilty before the court which assessed punishment at three (3) days in the El Paso County jail and a fine of fifty ($50) dollars.

■ In his sole ground of error appellant contends that the trial court erred in refusing appellant's application for probation. While it is clear that the trial judge has absolute and unreviewable discretion to refuse or to grant probation, *Trevino v. State*, 519 S.W.2d 864 (Tex.Cr.App.1975), the essence of appellant's complaint is that he was eligible for probation and that the court would have granted probation but for its interpretation of Article 42.13, Vernon's Ann.C.C.P.

The record reflects that appellant was previously convicted of driving while intoxicated on a plea of guilty before the court on November 29, 1971. This conviction was within five years of the offense in the instant case which occurred on January 30, 1976. The State chose to charge appellant by information with misdemeanor driving while intoxicated under Art. 6701*l*–1, Vernon's Ann.C.S., rather than the felony offense under Article 6701*l*–2.

In its findings, the trial court indicated that it was disposed to grant appellant probation and noted the provisions of Article 42.13, Sec. 3(a)(2), Vernon's Ann.C.C.P., which provides that a defendant who has been found guilty of a misdemeanor may be granted probation if:

"(2) he has not been granted probation nor been under probation under this Act or any other Act in the preceding 5 years; provided that the court may grant probation regardless of the prior probation of the defendant, except for a like offense within the last 5 years . . . ."

The court apparently felt the provision was inapplicable to appellant because the evidence showed that he had not been granted probation and that he had not been under probation under any act during the preceding 5 years. However, the court then noted that it was bound by the provisions of Section 3(b) of the same statute which, in addition to the mandatory probation required upon the jury's recommendation, provides that the court "may grant the defendant probation regardless of the recommendation of the jury or the prior conviction of the defendant, *except for a like offense within the last five years.*" Therefore, the court concluded that it could not grant appellant probation.

Appellant contends that the trial court erred in its interpretation of the two sections of Article 42.13. It is his contention that he is eligible for probation under the terms of Subsection (a)(2) quoted above because even though he was *convicted* of the same offense within the past five years, he was not granted nor has he ever been under probation during the last five years. Furthermore, he contends that Subsection (b) applies only to the granting of probation in jury trials and would not apply to appellant since both his prior conviction and the instant case were before the court on pleas of guilty.

■ We cannot agree with appellant's hypertechnical and restrictive interpretation of the statute. To do so would mean that an accused could escape the obviously mandatory requirements of Sec. 3(b) by waiving his right to a jury trial and proceeding before the court. We construe the provision to mean that if an accused has a prior conviction for a like offense within the preceding five years, he is ineligible for probation.

The judgment is affirmed.

Opinion approved by the Court.