UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul L. MONTGOMERY, a/k/a Kenneth Selvestor Watson, Defendant-Appellant.

No. 76-3219.

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1977.

Harry Lee Hudspeth, El Paso, Tex., for defendant-appellant.

John E. Clark, U. S. Atty., San Antonio, Tex., Frank B. Walker, Asst. U. S. Atty., El Paso, Tex., for plaintiff-appellee.

ON PETITION FOR REHEARING

(Opinion June 24, 1977, 5 Cir., 1977, 554 F.2d 754).

Before TUTTLE, GOLDBERG, and CLARK, Circuit Judges.

PER CURIAM:

On petition for rehearing, Montgomery attacks the search that uncovered heroin in his luggage. Established Fifth Circuit precedent supports the legality of this search. In *United States v. Soriano,* 497 F.2d 147 (5th Cir. 1974) (en banc), the search of luggage removed from a taxicab hired by the defendants was upheld on the basis of the general automobile search exception to the warrant requirement. *See e. g., Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The *Soriano* court stated:

[T]hough it is true that the Court [in *Chambers v. Maroney, supra* ] spoke of an automobile while we treat of containers in or just removed from one, the principle is not different. The officers who arrested Soriano and his companions indisputably had probable cause to believe that the vehicle contained contraband, a circumstance justifying the initial incursion [that revealed luggage in] the trunk. Under established law in this circuit and elsewhere, this justification encompassed the search of containers in the vehicle which could reasonably be employed in the illicit carriage of the contraband.

497 F.2d at 149. The search of Montgomery's luggage that had been removed from the baggage compartment of the airplane is valid under *Soriano. See also, United States v. Anderson,* 500 F.2d 1311 (5th Cir. 1974). *Cf., United States v. Lonabaugh,* 494 F.2d 1257 (5th Cir. 1973); *United States v. Garay,* 477 F.2d 1306 (5th Cir. 1973). That the present case involved luggage removed from a private airplane rather than an automobile is not a relevant distinction. *United States v. Brennan,* 538 F.2d 711, 721 (5th Cir. 1976).

Though Montgomery's contest of the search must be rejected on the basis of established law, the recent Supreme Court

decision of *United States v. Chadwick,* —— U.S. ——, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), might arguably render these precedents open to attack. In *Chadwick,* the Court struck down the search of a footlocker that prior to its seizure and search had been placed in the trunk of an automobile. Several distinctions are obvious. The search in *Chadwick* was delayed until the footlocker had been taken to the police station; the opinion specifically refers to the Government's failure to contend that the general automobile search reasoning should apply, apparently since the footlocker had been placed in the trunk of the car only just before its seizure. Certain language of the opinion could nonetheless conceivably affect this circuit's prior decisions in this area. However, we expressly pretermit a resolution of the effect, if any, of *Chadwick* on *Soriano.*

Under *United States v. Peltier,* 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975), it is evident *Chadwick* is not to be applied retroactively. As there stated:

> [I]f the law enforcement officers reasonably believed in good faith that evidence they had seized was admissible at trial, the "imperative of judicial integrity" is not offended by the introduction into evidence of that material even if decisions subsequent to the search or seizure have broadened the exclusionary rule to encompass evidence seized in that manner.

*Id.* at 537, 95 S.Ct. at 2317. Precedents by this court and others prior to the search of Montgomery's luggage without question would validate the search. Thus, regardless of the effect, if any, of *Chadwick* on these precedents, the police officer's actions in conducting the search here cannot be seen as being in bad faith and in contravention of established law. As further stated in *United States v. Peltier*:

> If the purpose of the exclusionary rule is to deter unlawful police conduct, then evidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment.

*Id.* at 542, 95 S.Ct. at 2320. Since the search of Montgomery's luggage was valid when made, we need not decide whether *Chadwick* effectively negates our prior determinations that a search of luggage discovered within an automobile (or similarly mobile vehicle) can be supported by the same principles that undergird the search of the remainder of the vehicle.

The petition is

DENIED.