Hernan Ochoa LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 55493, 55494.

Court of Criminal Appeals of Texas.

Oct. 19, 1977.

Walter G. Weaver, Donna, for appellant.

Oscar McInnis, Dist. Atty., and Robert D. Ralston, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

Appellant waived his right to trial by jury and entered pleas of guilty before the court to two separate indictments each of which charged him with the unlawful delivery of marihuana. Punishment was assessed on May 3, 1976 at imprisonment for three (3) years in each case.

The appeals are before us on two grounds of error. It is first contended that the trial court erred in not disclosing to appellant the contents of a pre-sentence report, thus depriving appellant of the effective assistance of counsel and denying him an opportunity to explain the contents of the report. In his second ground of error appellant contends that the trial court abused its discretion in not granting his application for probation, because the evidence reflected that only a small amount of marihuana was involved in each of these two cases. We overrule these contentions and affirm the judgment of the court below.

In *Rodriguez v. State,* 502 S.W.2d 13 (Tex.Cr.App.1973), the defendant contended that the trial court erred in denying his motion for probation and then refusing to place in the record the "probation report" upon which apparently the court, at least in part, relied as a basis for the order denying the motion for probation. There we held that, even if the pre-sentence report had been incorporated in the appellate record and this Court, after review, disagreed with the trial court's denial of the motion for probation, this Court would be without authority to substitute our judgment for that of the trial court. We also observed:

"Nothing in Article 42.12, Vernon's Ann. C.C.P., requires that the pre-sentence report be disclosed to the accused. In fact the statute is silent in regard to such matter. It would thus appear to be within the discretion of the trial court whether to disclose such report."[1]

Appellant argues, however, that the recent case of *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), requires that the report be disclosed. In that case the defendant was convicted of first-degree murder and the jury finding that the mitigating circumstances outweighed the aggravating circumstances, returned an advisory verdict recommending to the court that a life sentence be imposed. The trial court, however, after reviewing a pre-sentence investigation report, a part of which was confidential, imposed the sentence of death.

The plurality opinion of Justice Stevens, states that:

"Five members of this Court have now expressly recognized that death is a different kind of punishment than any other which may be imposed in this country. (Citing authorities) From the point of view of the defendant, it is different both in its severity and its finality. From the point of view of society, the action of the sovereign in taking the life of one of its citizens also differs dramatically from any other legitimate state action. It is of vital importance to the defendant and to the community that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion."

The opinion then considered the justifications offered by the State for a capital sentencing procedure which permits a trial judge to impose the death sentence on the basis of confidential information not disclosed to the defendant or his counsel, and concluded "that petitioner was denied due process of law when the death sentence was imposed, at least in part, on the basis of information which he had no opportunity to deny or explain."

The separate opinions of Justices White and Blackmun also reflect that their concurrence in the judgment is based on the use by the trial judge of secret information in assessing "the death sentence." Justice Brennan agreed that "the Due Process Clause of the Fourteenth Amendment is violated when a defendant facing the death sentence is not informed of the contents of a pre-sentence report made to the sentencing judge." However, he adhered to his previously expressed views that the death penalty constitutes cruel and inhuman punishment, and he dissented to the Court's judgment remanding the case to the trial court "for further proceedings that could lead to its imposition."

■ *Gardner* is inapposite, as that case appears to apply only where the death penalty is imposed by the trial court after the trial judge reviews a nondisclosed pre-sentence investigation report. The instant case was non-capital and *appellant made no request prior to the assessment of punishment for disclosure of the pre-sentence investigation report.* After appellant's brief was filed in the trial court, the report was sent in a sealed envelope to this Court. We have examined it and find nothing therein which was not shown in evidence at the trial that would have been harmful to appellant at the punishment stage. Appellant testified that he had been previously con-

1. However, see Acts of the 65th Leg., Chapter 47, H.B. No. 97 effective April 5, 1977, amending Sec. 4, Art. 42.12, V.A.C.C.P., which provides as follows:

"Section 1. Section 4, Article 42.12, Code of Criminal Procedure, 1965, is amended to read as follows:

"Sec. 4. When directed by the court, a probation officer shall fully investigate and report to the court in writing the circumstances of the offense, criminal record, social history and present condition of the defendant. Whenever practicable, such investigation shall include a physical and mental examination of the defendant. Defendant, if not represented by counsel, counsel for defendant and counsel for the state shall be afforded an opportunity to see a copy of the report upon request. If a defendant is committed to any institution the probation officer shall send a report of such investigation to the institution at the time of commitment."

victed of the felony offense of possession of marihuana. The punishment assessed in the instant case was three years. We conclude that error is not presented, and the first ground of error is overruled.

 Next, appellant contends that the trial court erred in not granting his application for probation. However, when the trial is before the court and a motion for probation is filed, the trial judge has the absolute and unreviewable discretion either to refuse or to grant probation. *Cantu v. State,* 546 S.W.2d 621 (Tex.Cr.App.1977); *Zubia v. State,* 543 S.W.2d 389 (Tex.Cr.App. 1976); *Rodriguez v. State,* supra.

The judgments are affirmed.

Opinion approved by the Court.