**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Stephen Michael BERRY, Robert Hugh Wilson, and Donald Gene Richardson, Defendants-Appellants.**

**Nos. 76–2014, 76–2037 and 76–2038.**

United States Court of Appeals, Seventh Circuit.

Jan. 31, 1978.

Rehearing Denied March 20, 1978.

ON REHEARING

Before PELL and BAUER, Circuit Judges, and CAMPBELL, Senior District Judge.*

BAUER, Circuit Judge.

In an opinion issued on August 24, 1977, this Court determined that the warrantless search of an arrestee's briefcase

---

* The Hon. William J. Campbell, United States District Court for the Northern District of Illinois, is sitting by designation.

conducted after the arrest and while the briefcase was in police custody violated the Fourth Amendment under standards articulated by the Supreme Court in *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). *United States v. Berry*, 560 F.2d 861 (7th Cir. 1977). In response to the Government's Petition for Rehearing, we now grant the petition, and, without oral argument, vacate the earlier opinion as improvidently rendered. Our decision today rests on the conclusion that the exclusionary rule should not be applied retroactively to suppress evidence obtained from the pre-*Chadwick* search of an arrestee's briefcase.[1]

The problem of retroactive application of the exclusionary rule in a Fourth Amendment setting was squarely faced by the Supreme Court in *United States v. Peltier*, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975). Citing two major rationales for the exclusionary rule—the deterrence of Fourth Amendment violations and the "imperative of judicial integrity"—the Court concluded that neither purpose would be served by excluding evidence that "law enforcement officers reasonably believed in good faith . . . was admissible at trial," even if decisions subsequent to the search "broadened the exclusionary rule to encompass evidence seized in that manner." *United States v. Peltier, supra* at 537, 542, 95 S.Ct. at 2317. Thus, according to the Court, the critical question in determining if the exclusionary rule should be applied retroactively on a given set of facts is not so much whether the decision invalidating the search "constitutes a sharp break in the line of earlier authority," *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 499, 88 S.Ct. 2224, 2234, 20 L.Ed.2d 1231 (1968), but rather, "[whether] the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." *United States v. Peltier, supra*, 422 U.S. at 542, 95 S.Ct. at 2320.

Relying on this formulation of the inquiry, the Fifth Circuit in *United States v. Montgomery*, 558 F.2d 311 (5th Cir. 1977), and the Second Circuit in *United States v. Reda*, 563 F.2d 510 (2nd Cir. 1977), have held that *Chadwick* is not to be applied retroactively. We find this position persuasive for, until *Chadwick*, there was no reason for law enforcement officials to believe that attache cases were not among those personal effects which, under *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), could be seized as part of a "full search of the person" incident to a lawful arrest, and which, under *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974), could be searched several hours after the suspect had been taken into custody. More to the point, on the basis of the Supreme Court's decisions in *Robinson* and *Edwards*, courts of appeals had held (prior to *Chadwick*) that law enforcement officials may indeed seize a briefcase or package in the possession of a person at the time of arrest, and subsequently search the property without a warrant after the arrested person has been taken into custody. *United States v. Schleis*, 543 F.2d 59 (8th Cir. 1976); *United States v. Battle*, 166 U.S.App.D.C. 396, 510 F.2d 776 (1975). See also *United States ex rel. Muhammed v. Mancusi*, 432 F.2d 1046 (2d Cir. 1970).

 In the light of this authority, we cannot say that the law enforcement officials here could be properly charged with knowledge that the search of Wilson's briefcase was unconstitutional under the Fourth Amendment. *United States v. Peltier, supra*, 422 U.S. at 542, 95 S.Ct. 2313. For this reason, we decline to apply the exclusionary rule retroactively to suppress the evidence obtained from that search. Thus, our opinion of August 24, 1977 is hereby vacated and the judgment of the district court is affirmed.

---

1. The retroactivity issue was fully addressed in both the Government's Petition for Rehearing and the Defendants-Appellants' Answer. It was not raised by either party in the earlier proceedings, however, since *Chadwick* was decided by the Supreme Court after oral argument in this case.