### UNITED STATES of America

v.

### Robert Joseph POWELL.

### Crim. No. 72–272.

United States District Court,
E. D. Pennsylvania.

May 3, 1978.

William McGettigan, Asst. U. S. Atty., Philadelphia, Pa., for the Government.

Fern H. Schwaber, Defenders Assn., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

EDWARD R. BECKER, District Judge.

This is a petition under 28 U.S.C. § 2255 which depends for its success upon retrospective application of *United States v. Chadwick*, 433 U.S. 1; 97 S.Ct. 2476, 54 L.Ed.2d 538 (1977). Because we hold that *Chadwick* may not be retroactively applied, we deny relief.

Petitioner, Robert J. Powell, has moved to vacate his sentence on the ground that his conviction was obtained by the use of evidence acquired pursuant to an unconstitutional search and seizure. A description of the evidence at issue and the manner by which it was seized are set forth in *United States v. Kulp*, 365 F.Supp. 747, 753–54 (E.D.Pa.1973). We there considered petitioner's allegations of an unconstitutional search and seizure, including the very claim he now asserts, and determined that his Fourth Amendment rights were not violated. 365 F.Supp. at 754–58. On appeal, these same contentions were raised and specifically rejected by the Court of Appeals. *Appeal of Powell*, 497 F.2d 922 (3d Cir. 1974). Those issues were also raised by the petitioner in a Petition for Writ of Certiorari, but the Supreme Court declined to issue that writ. *Powell v. United States*, 419 U.S. 1046, 95 S.Ct. 618, 42 L.Ed.2d 640 (1974).

There were two phases of the search at issue. The first phase, an automobile search, is not here challenged. The second phase related to a warrantless search of the contents of certain suitcases and a footlocker at the Limerick Pennsylvania State Police Barracks to which the car had been removed. It is this latter event which is challenged by petitioner's allegation in his § 2255 petition that:

C. Conviction obtained by use of evidence gained pursuant to a unconstitutional search and seizure. On March 20, 1972, at 10:30 p.m., F.B.I. agents escorted me into the Limerick, PA. State Police Barracks. The agents then removed, from the car in which I had been riding suitcases and a footlocker, which were then carried into the Police Barracks. At sometime before 2:00 a.m. the luggage was opened and searched without a warrant.

While *Chadwick* is not mentioned in the § 2255 petition, it is cited in Mr. Powell's "Traverse to Government's Memorandum in Opposition to Petitioner's Motion to Vacate Set Aside or Correct Sentence Under 28 U.S.C. § 2255," and is the sole asserted basis for relief; *i. e.* unless *Chadwick* is retroactively applied, petitioner asserts no cognizable claim.

*Chadwick* held that (1) the warrant clause of the Fourth Amendment is not limited in its protection only to dwellings and other specifically designated locales; (2) by placing personal effects inside a double-locked footlocker, defendants manifested an expectation that the contents would remain free from public examination, no less than one who locks the doors of his home against intrusion, and there being no exigency, it was unreasonable for Government to conduct search of footlocker without the safeguards that a judicial warrant provides, even where agents lawfully seized the footlocker at the time of the arrest of its owners and there was probable cause to believe that it contained contraband; (3) the footlocker's mobility did not justify dis-

pensing with the added protections of the warrant clause by analogy to the "automobile exception," once federal agents had seized the footlocker and had safely transferred it to federal building under their exclusive control, and (4) the warrantless search of luggage or other property seized at the time of an arrest cannot be justified as incident to that arrest either if the search is remote in time or place from the arrest or if no exigency exists. We need not, however, subject the record to *Chadwick* analysis since it is plain that *Chadwick* can have no retroactive effect. We are controlled in this respect by the Supreme Court's decision in *Williams v. United States*, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (1971).

In *Williams* the Court held that the decision in *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685, narrowing the scope of permissible searches incident to arrest, was not to be retroactively applied to searches antedating the date it was decided, and that the search was valid under pre-*Chimel* law. The rationale of the decision was essentially that where the major purpose of a new constitutional standard is not to overcome an aspect of a criminal trial that substantially impairs the truth-finding function and thus raises serious questions about the accuracy of guilty verdicts in past trials, the new rule does not require retroactive application.[1] *Williams* also held that there was no constitutional difference between the applicability of *Chimel* to convictions on direct appeal and those involving collateral proceedings.

*Chadwick* no more implicates that truth-finding function than did *Chimel* and we hold it to be non-retroactive. The Second, Fifth, and Seventh Circuits have also so held. *See United States v. Montgomery*, 558 F.2d 311 (8th Cir. 1977); *United States v. Reda*, 563 F.2d 510 (2d Cir. 1977); *United*

*States v. Berry*, 571 F.2d 2 (7th Cir. 1977) *reh. denied* (1978) *vacating United States v. Berry*, 560 F.2d 861 (7th Cir. 1977). No other claims are implicated by petitioner's papers and inasmuch as the motion and the files and records of the case therefore conclusively show that the prisoner is entitled to no relief, a hearing is unnecessary and the petition to vacate sentence is denied. An appropriate order follows.

---

[1] The problem of retroactive application of the exclusionary rule in a Fourth Amendment setting was also faced by the Supreme Court in *United States v. Peltier*, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975). Citing two major rationales for the exclusionary rule—the deterrence of Fourth Amendment violations and the "imperative of judicial integrity"—the Court

concluded that neither purpose would be served by excluding evidence that "law enforcement officers reasonably believed in good faith . . . was admissible at trial," even if decisions subsequent to the search "broadened the exclusionary rule to encompass evidence seized in that manner." *United States v. Peltier, supra* at 537, 542, 95 S.Ct. at 2317.