**Edward MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56044.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 14, 1979.

Mickey J. Blanks and Mark S. Smith, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty. and Robert E. Jones, Asst. Dist. Atty., Lubbock, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for sexual abuse. See V.T.C.A., Penal Code, Section 21.04(a)(1). A jury found appellant guilty and assessed his punishment at ten (10) years' confinement.

Appellant complains of fundamental error in the court's charge; he also contends that the court erred in overruling his motion for instructed verdict at the close of the State's case in chief. We affirm.

The record reflects that on August 9, 1975, the complainant, an inmate at the Lubbock County jail, was sexually assaulted by the appellant, also an inmate. Immediately preceding the assault, the complainant had been found "guilty" of unspecified misconduct by a "court" composed of the appellant and other fellow inmates. As punishment, the appellant forced the complainant to submit to anal intercourse with him. On August 19, 1975, ten days after the assault occurred, the complainant reported the incident to jail authorities.

Appellant initially contends that the court's instructions to the jury were fundamentally erroneous because the charge contained no instruction pursuant to the provisions of Article 38.07, Vernon's Ann.C.C.P., which provides that:

"A conviction under Chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within six months after the date on which the offense is alleged to have occurred. *The court shall instruct the jury that the time which lapsed between the alleged offense and the time it was reported shall be considered by the jury only for the purpose of assessing the weight to be given to the testimony of the victim.*" (Emphasis supplied.)

Although the appellant failed to object to the court's charge at trial, he presently argues that the provisions of Article 38.07, supra, are mandatory and that the court's failure to sua sponte comply with its provisions renders the court's charge fundamentally defective.

We agree with the appellant insofar as he contends that the directives of Article 38.07, supra, are mandatory; however, we cannot agree that the court's failure to so instruct the jury, in absence of appellant's objection or requested instruction, constitutes fundamental error. See *Pitts v. State*, 569 S.W.2d 898 (Tex.Cr.App.1978).

Fundamental error is presented where the error in the court's instructions to the jury goes to the very basis of the case so that the charge fails to state and apply the law under which the accused is prosecuted. *Harris v. State*, 522 S.W.2d 199 (Tex.Cr.App.1975). Moreover, Article 36.19, Vernon's Ann.C.C.P., provides in pertinent part as follows:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.-

16, 36.17 and 36.18 has been disregarded, *the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. . . .*" (Emphasis supplied.)

 Accordingly, we cannot conclude that the court's failure to instruct the jury pursuant to Article 38.07, supra, in absence of appellant's trial objection or request for instruction, constitutes reversible error. Therefore, this contention is overruled.

 Appellant's second and final contention is that the State failed to prove the requisite culpable mental state, i. e., that he acted with the "intent to arouse or gratify the sexual desire of any person . . . ." We find no merit in this contention. In most cases, evidence of a culpable mental state is provable only by circumstantial evidence. The record before us shows that appellant's assault upon the complainant was both intentional and voluntary. See V.T.C.A., Penal Code, Section 6.01(a). Thus, the evidence amply supports a finding that appellant acted with the requisite intent. See *Torme v. State,* 525 S.W.2d 9, 10 (Tex.Cr.App.1975). Appellant's second contention is overruled.

The judgment is affirmed.