Charles Richard **KEMNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 55786.

Court of Criminal Appeals of Texas, Panel No. 1.

June 13, 1979.

Rehearing Denied Nov. 28, 1979.

Jack M. McGinnis, San Antonio, Samuel H. Bayless, on appeal only, Darby Riley, on appeal only, San Antonio, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, Rufus J. Adcock, Travis Young and Ronald G. Knight, Asst. Dist. Attys., C. Chris Marshall, Asst. Crim. Dist. Atty. for Tarrant County, Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of more than four ounces of marihuana. A jury found the appellant guilty and assessed punishment at ten years' confinement.

Appellant is before us with ten grounds of error. He contends: (1) that the court erroneously admitted testimony that the marihuana seized could be used to produce 28,000 marihuana cigarettes; (2) that the court erroneously admitted testimony concerning the value of the seized marihuana;

(3) that the court erroneously allowed the prosecutor to imply that appellant had committed extraneous offenses; (4) that the marihuana was the product of an illegal search and seizure and should have been excluded from evidence; (5) that the court erroneously admitted evidence of a business record without the proper predicate required by Article 3737e, V.A.C.S. having first been laid; (6) that the court erred in denying appellant's motion that the informant's name be disclosed; (7) that the court erroneously denied appellant's motion to examine a police report; (8) that the court's charge on punishment was fundamentally defective; (9) that Article 42.12(B)(3a), Vernon's Ann.C.C.P., providing for jury recommendations of probation, is unconstitutional, and (10) that the court erroneously denied appellant's motion for continuance. We affirm.

Due to the nature of appellant's contentions, we find it more suitable to set out the salient facts pertaining to each ground of error immediately preceding each discussion thereof. Suffice it to say for the present that appellant was apprehended with approximately 31 pounds of marihuana as he was attempting to leave the Dallas-Fort Worth Airport. The arrest was made as the result of an informant's tip and without a warrant.

In his first two grounds of error, appellant complains of testimony offered by the State to the effect that the marihuana seized could be used to produce 28,000 marihuana cigarettes and had the value of approximately $125 per pound.

■ Jose Alvarez, a chemist for the Drug Enforcement Administration (DEA), testified that during his two years' employment with the DEA he had the occasion to analyze marihuana and knew the quantity of that substance contained in an average marihuana cigarette. Alvarez further testified that 31.5 pounds of marihuana (the amount seized from the appellant) would produce approximately 28,000 cigarettes. Detective William Glenn of the Department of Public Safety testified that during his experience as an undercover narcotics offi-

cer he was familiar with the price of marihuana and that a pound of marihuana would sell for approximately $125 in the Dallas area. All of this testimony was admitted over appellant's timely objection.

This Court has held that it is not reversible error for a chemist to testify on the basis of his expert knowledge as to the strength of the narcotic recovered and to translate the amount of the narcotic recovered into terms understandable by the jury. *Magee v. State*, 504 S.W.2d 849 (Tex.Cr. App.1974); *Enriquez v. State*, 501 S.W.2d 117 (Tex.Cr.App.1973). We have reached a similar conclusion where testimony was admitted concerning the value of the narcotic recovered. *Castro v. State*, 432 S.W.2d 948 (Tex.Cr.App.1968). We cannot say that the facts of the present case require a result different from our previous holdings. Accordingly, appellant's first and second grounds of error are overruled.

■ By his third ground of error, the appellant contends that the court erroneously permitted the prosecutor to imply that he had committed extraneous offenses which had not resulted in final convictions. With respect to this ground of error, the record reflects that appellant's wife was called as a character witness at the punishment phase of the trial and was asked on cross-examination if she knew the whereabouts of appellant on four different occasions prior to the date of the offense in question. She was also asked if she was aware of any "transactions" which occurred on those various occasions. Appellant failed to object to these questions in a timely and specific manner; therefore, nothing is presented for review. *Dinn v. State*, 570 S.W.2d 910 (Tex.Cr.App.1978); *Rodriguez v. State*, 417 S.W.2d 165 (Tex.Cr.App.1967).

By his fourth ground of error, the appellant challenges the legality of the warrantless search of his suitcase conducted at or near the time he was arrested at the Dallas-Fort Worth Airport. He contends that the search cannot be justified under the exigent circumstances exception to the Fourth Amendment warrant requirement (and also the requirement of Article I, Section 9 of

the Texas Constitution) nor as a search incident to lawful arrest.

John Powell, agent for the DEA in McAllen, testified at the appellant's motion to suppress that on December 19, 1975, at approximately 8 p. m., a reliable informant employed by Texas International Airlines whose identity he did not reveal informed him that moments earlier the appellant had checked in a large blue suitcase on Texas International Airlines flight 994 bound for Dallas. The informant told Powell that after he smelled the odor of marihuana emanating from appellant's suitcase, he opened it and found a large quantity of marihuana. Powell then relayed this information along with appellant's physical description to a fellow narcotics agent in Dallas who in turn contacted Detective Glenn at the Dallas-Fort Worth Airport advising him of the appellant's flight number and scheduled time of arrival.

Glenn testified that the appellant's flight finally arrived approximately two hours later than the scheduled time of arrival. Glenn observed the appellant's suitcase as it was being unloaded from the plane and kept it under surveillance until the appellant picked it up and began to leave the airport. At that time, Glenn placed the appellant under arrest, seized the suitcase, and escorted the appellant to a nearby security office where a search of the suitcase conducted without a warrant revealed approximately 31 pounds of marihuana.

The appellant places primary reliance on *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) in which the Supreme Court held to be unreasonable the warrantless search of the defendant's footlocker which was seized at the time of his arrest but searched over an hour later at the police station. The Court held that the search could not be justified on the basis of exigent circumstances nor as a valid search incident to arrest because the footlocker was searched at a time and place remote from the place of arrest and after it had

been reduced to the exclusive possession of government agents.

Although *Chadwick* lends support to the appellant's contention that the present search cannot be justified under the "incident to lawful arrest" or "exigent circumstances" exception to the warrant requirement, we conclude nevertheless, on the authority of *United States v. Peltier*, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975), that *Chadwick* should not be applied retroactively. Several federal appellate courts have arrived at the same conclusion. See *United States v. Berry*, 571 F.2d 2 (7th Cir. 1978); *United States v. Montgomery*, 558 F.2d 311 (5th Cir. 1977). In *United States v. Peltier*, supra, the Supreme Court held that any judicial enlargement of the exclusionary rule will be given retroactive effect only when "the law enforcement officer had knowledge or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment" at the time it was conducted. Ibid, 422 U.S. at 542, 95 S.Ct. at 2320. With this principle in mind, we are inclined to agree with the 7th Circuit Court of Appeals which held in *United States v. Berry*, supra, that:

". . . [U]ntil *Chadwick*, there was no reason for law enforcement officials to believe that attache cases were not among those personal effects which, under *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973), could be seized as part of a 'full search of the person' incident to a lawful arrest, and which, under *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974), could be searched several hours after the suspect had been taken into custody." Ibid at 571 F.2d 3.

We hold therefore, that at the time in question the warrantless search of appellant's suitcase was justified as a search incident to lawful arrest and that the evidence seized as a result thereof was properly admitted at trial.[1] *Chimel v. California*,

---

1. We reject the State's contention that the search of appellant's suitcase can also be justified by the exigent circumstances which existed at the time the search was conducted because at that time the appellant was in custody and his suitcase had been reduced to the man-

395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Fry v. State*, 493 S.W.2d 758, 770 (Tex.Cr.App.1972) (Opinion on State's Second Motion for Rehearing); *Lane v. State*, 424 S.W.2d 925 (Tex.Cr.App.1967); see and compare *Chaires v. State*, 480 S.W.2d 196 (Tex.Cr.App.1972). Accordingly, appellant's fourth ground of error is overruled.

Appellant next contends that the court erroneously admitted over his timely objection a DEA "evidence transmittal sheet" without the proper predicate being laid as required by Tex.Rev.Civ.Stat.Ann., Article 3737e. This contention is without merit.

 Alvarez testified that the "evidence transmittal sheet" was a record of the DEA; that it was made in the regular course of business; that it was the regular course of business for an employee or representative of the DEA to have personal knowledge of the act, event, or condition recorded and to make a memorandum or record of the event, and that the record was made at or near the time of the recorded event.

This Court has consistently held that the Texas Business Records Act, Article 3737e, supra, is applicable to criminal cases. *Simmons v. State*, 564 S.W.2d 769 (Tex.Cr.App. 1978). Also, where the proper predicate has been laid, this exception to the hearsay rule is to be liberally construed. *Simmons v. State*, supra. We conclude that Alvarez, by his testimony set forth above, sufficiently satisfied the requirements of Article 3737e, supra. This ground of error is overruled.

In his sixth ground of error, the appellant contends that the court erred by refusing to instruct the State to disclose the identity of the informant because the informant was present at the time the offense was committed or, in the alternative, the informant was a material witness on the issue of appellant's culpable mental state.

 In *Carmouche v. State*, 540 S.W.2d 701 (Tex.Cr.App.1976), it was stated that:

"The identity of an informant need not be disclosed unless (1) the informant participated in the offense; (2) was present at the time of the offense or arrest; (3) was otherwise shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged. [Citing cases.]"

The appellant was charged and convicted with possession of more than four ounces of marihuana in Tarrant County. The record reflects that at all relevant times, the informant was in McAllen, Hidalgo County. Therefore, the informant was not present at the time the offense was committed. For the same reason, we cannot say that the informant was a material witness on the issue of appellant's culpable mental state. The arresting officer, and not the informant, was the only one able to testify that the appellant was in possession of a suitcase containing approximately 31 pounds of marihuana in Tarrant County. We conclude that appellant was not entitled to have the identity of the informant disclosed to him. *Carmouche v. State*, supra; *Varela v. State*, 561 S.W.2d 186 (Tex.Cr. App.1978). Appellant's contention is overruled.

By his seventh ground of error, the appellant complains that the trial court erred by refusing his request to inspect a police report which Powell used prior to trial in order to refresh his memory. The record reflects that Powell himself did not prepare the report in question and that he did not use this report while he was testifying as a witness.

 Under the "use before the jury rule" a defendant is entitled to inspect, upon his timely request, any document, instrument or statement which has been used by the State before the jury in such a way that its contents become an issue. *Howard v. State*, 505 S.W.2d 306 (Tex.Cr.App.1974). Thus, the defendant was not entitled to the police report under this rule because it was referred to only prior to trial. Nor was the

---

agement and control of the arresting officers. See *Maldonado v. State*, 528 S.W.2d 234 (Tex. Cr.App.1975); compare *Chambers v. Maroney*,

399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

appellant entitled to the police report under the "Gaskin Rule" which provides that a defendant, upon his timely request, is entitled to the inspection and use of a previous report or statement personally made by the witness testifying for the State. *Howard v. State,* supra. Since the police report in question was not made by Powell himself, the trial court properly denied appellant's request. See *Mendoza v. State,* 552 S.W.2d 444 (Tex.Cr.App.1977). Appellant's contention is overruled.

Appellant next contends that the court's charge on punishment was fundamentally defective because it failed to supply the jury with the "minimum guidelines" to be followed in deciding whether or not to recommend probation. In the alternative he contends that Article 42.12(B)(3a), supra, is unconstitutional for failure to require such guidelines. We find no merit in either of these contentions.

The court's instructions to the jury on the issue of punishment were in accordance with the provisions of Article 42.12(B)(3a), supra. The jury was instructed that in fixing the punishment they could consider "all the facts shown by the evidence admitted [during] the full trial of this case and the law as submitted to you in this charge." The jury was also instructed that it could not recommend probation unless it assessed punishment at less than ten years and it further found that the appellant had never been convicted of a felony in this or any other State. The court then enumerated the conditions of probation to be followed by the appellant in the event the jury decided to recommend probation.

■■■■ Fundamental error is presented where the error in the court's instruction to the jury goes to the very basis of the case so that the charge fails to state and apply the law under which the accused is prosecuted. *Martinez v. State,* 576 S.W.2d 854 (Tex.Cr.App.1979). The court's charge in the present case, in accordance with Article 42.12(B)(3a), supra, by instructing the jury to consider all the facts of the case together with the law submitted to it in the charge as well as the enumerated conditions to be

followed by the defendant in the event probation was granted, enabled the jury to intelligently exercise its discretion on the question of whether or not to recommend probation for the appellant. See *O'Neal v. State,* 421 S.W.2d 391 (Tex.Cr.App.1967) (Opinion on Appellant's Motion for Rehearing). Thus, we hold that the court's charge in the present case adequately protected the appellant's rights and that he was not harmed thereby. Article 36.19, Vernon's Ann.C.C.P.

■■■■ Nor are we persuaded by the appellant's argument that Article 42.-12(B)(3a), supra, is unconstitutional because it does not sufficiently guide the jury in assessing punishment. Although the court must follow a jury's recommendation that probation be granted, Article 42.12(B)(3a), supra, it is the court, and not the jury, who must ultimately *refuse* a defendant's request for probation. And the court may always grant a defendant probation in its absolute and unreviewable discretion where the punishment does not exceed ten years and ". . . when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby . . . ." Article 42.12(B)(3a), supra; *Zubia v. State,* 543 S.W.2d 389 (Tex. Cr.App.1976); *Balderas v. State,* 497 S.W.2d 298 (Tex.Cr.App.1972). Thus, a defendant's chance for probation is not foreclosed by the jury's failure to make a favorable recommendation under Article 42.12(B)(3a), supra. Finally, in light of what we have previously said, we are constrained to disagree with the appellant's contention that the due process requirements that apply when the jury assesses punishment in a capital case should apply with equal force to the jury's deliberations under Article 42.-12(B)(3a). See and compare *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Accordingly, appellant's contentions are overruled.

In his final ground of error, the appellant contends that the court erroneously denied his motion for continuance which was presented on June 1, 1976, two days prior to

trial. Appellant urged in his motion that his first opportunity to talk to Powell was on May 25, 1976, and that this conversation created a need for further investigation. The trial commenced on June 3, 1976, approximately eight days subsequent to appellant's conversation with Powell.

■ Initially, we note that appellant's motion for continuance was not sworn to by the appellant as required by Article 29.08, Vernon's Ann.C.C.P.; therefore, appellant has failed to properly preserve this assignment of error for review. See also *Thrush v. State*, 515 S.W.2d 122 (Tex.Cr.App.1974). Moreover, whether or not to grant a defendant's motion for continuance is a matter left to the sound discretion of the trial court. *Freeman v. State*, 556 S.W.2d 287 (Tex.Cr.App.1977). We cannot say that the record in the present case clearly demonstrates an abuse of discretion by the court in denying appellant's first motion for continuance which was presented two days prior to trial and where the appellant admittedly had eight days in which he could have conducted any further investigation necessary. See *Freeman v. State*, supra. Appellant's final contention is overruled.

The judgment is affirmed.

Before the court en banc.

### OPINION ON APPELLANT'S MOTION FOR REHEARING

DOUGLAS, Judge.

Kemner was convicted of possession of marihuana. Leave to file the motion for rehearing was granted to determine if *Arkansas v. Sanders*, —— U.S. ——, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), requires us to hold that *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), is to be applied retroactively. *Arkansas v. Sanders*, supra, did not address the issue of the retroactive effect of *United States v. Chadwick*, supra.

Sanders was arrested in April, 1976. After his conviction in 1976, *Chadwick* was decided by the Supreme Court in 1977. Based on the holding of *Chadwick*, the Su-

preme Court of Arkansas reversed Sanders' conviction. *Sanders v. State*, 262 Ark. 595, 559 S.W.2d 704 (1977). Writ of certiorari to the Arkansas Supreme Court was granted in 1978. (439 U.S. 891, 99 S.Ct. 247, 58 L.Ed.2d 236).

■ The Supreme Court of the United States cited *Chadwick*, but the question of retroactivity was not briefed, argued or discussed by the Court. The writ of certiorari was granted "to resolve some apparent misunderstanding as to the application" of the *Chadwick* decision, not to determine whether *Chadwick* was applicable to that set of facts. We are not bound by the decision of the Arkansas Supreme Court to apply Chadwick retroactively. We decline to do so.

■ The decision of *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), was applied, without discussion, retroactively in *Ker v. California*, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); *Fahy v. Connecticut*, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963), and in *Stoner v. California*, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). At a later date, in *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), however, the Supreme Court of the United States specifically held *Mapp* not retroactive.

The issue of retroactivity is decided on the function of the new constitutional rule. If the purpose of the new rule is to rectify an impairment of the truth-finding function, thus raising the issue of the accuracy of the guilty verdict, the rule must be applied retroactively. *United States v. Peltier*, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975). If the ruling, however, is in the context of the exclusionary rule, where admittedly relevant evidence is suppressed to further a constitutional goal that has nothing to do with the fact-finding process, the rule should be considered prospectively. 422 U.S. at 535, 95 S.Ct. 2313.

In *Elkins v. United States*, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960), the Supreme Court set forth the purposes of the exclusionary rule as (1) upholding the

"imperative of judicial integrity" and (2) deterring future acts of unconstitutional conduct by the police. If the evidence has been seized by the police in good-faith compliance with then existing constitutional standards, neither purpose will be thwarted by prospective application of the rule. *United States v. Peltier*, supra.

As the panel opinion in the present case noted, the police were complying with the then-prevailing constitutional standard. The purpose of the exclusionary rule would not be served by retroactive application of the *Chadwick* holding.

In the present case, there was no reason for Detective Glenn to believe that the suitcase was not among the personal effects of Kemner and thus subject to a "full search of the person" incident to a lawful arrest. *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). Nor was this search made unlawful because Detective Glenn learned of Kemner's suspect status almost four hours before the arrest. *United States v. Edwards*, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974).

In *Michigan v. DeFillippo*, —— U.S. ——, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979), the Supreme Court of the United States upheld a search under an ordinance of Detroit even though the Michigan Supreme Court held the ordinance invalid and the search unconstitutional. The Court held that the officer had a right to rely upon the ordinance until it had been declared unconstitutional. See *United States v. Berry*, 571 F.2d 2 (7th Cir. 1978); *United States v. Reda*, 563 F.2d 510 (2nd Cir. 1977); *United States v. Montgomery*, 558 F.2d 311 (5th Cir. 1977).

The panel opinion properly held that the record shows that the officer complied in good faith with the prevailing constitutional standard prior to *United States v. Chadwick*, supra.[1]

The appellant's motion for rehearing is overruled.

PHILLIPS and CLINTON, JJ., dissent.

1. See *Nastu v. State*, —— S.W.2d —— (No. 58,059, October 3, 1979).