**John Ranson HORNE, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 65178.**

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 10, 1980.

Melvyn Carson Bruder, Dallas, for appellant.

Henry M. Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for driving a motor vehicle on a public road while intoxicated. The plea was guilty and the court assessed the punishment at three days in jail and a fine of $350.00.

The offense was alleged to have been committed on September 17, 1978. The complaint and information were filed on September 19, 1978. Appellant pled guilty to the court on June 28, 1979. Appellant was sentenced and noted his appeal on September 7, 1979.

A formal bill of exception recites that appellant had been placed on probation and

"... that he had previously been convicted of a misdemeanor in Dallas County, Texas, and he had been placed on probation in said case on January 24, 1974, *for a period of one year.*" (Emphasis supplied).

The State takes issue with the recitation that appellant was granted probation for one year, and that the sentence and judgment recited that the punishment was probated without saying for how long. The bill of exception was not qualified. The facts, as recited, were approved by the trial court.

Appellant contends that he was eligible for probation and, because the court stated he was not, the cause should be remanded for assessment of punishment.

Article 42.13, Section 3(a)(2), V.A.C.C.P., in effect at the time of the trial, provided:

"Sec. 3. (a) A defendant who has been found guilty of a misdemeanor wherein the maximum permissible punishment is by confinement in jail or by a fine in excess of $200.00 or by both such fine and imprisonment may be granted probation if:

" * * *

"(2) he has not been granted probation nor been under probation under this Act or any other Act in the preceding 5 years; ..." [1]

Appellant was convicted for the offense of driving while intoxicated January 24, 1974. On September 17, 1978, he was arrested for the offense in question. The bill of exception shows that he was under probation during the preceding five years immediately before he was tried.

Appellant makes an interesting argument that the five years should be computed from the time he was first convicted until the day he applied for probation.

We hold that Article 42.13, Section 3(a)(2), supra, prevented appellant from being considered for probation because he had "been under probation under this Act ... in the preceding five years." See *Zubia v. State*, 543 S.W.2d 389 (Tex.Cr.App.1976).

1. Section 3(a)(2), supra, was repealed in 1979 and is not found in the present Code of Criminal Procedure.

No reversible error has been shown. The judgment is affirmed.