Jeffery William KOFFEL, Appellant,

v.

The STATE of Texas, State.

No. 2–85–080–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 20, 1986.

**152**

Lee Ann Dauphinot, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Mary Thornton Taylor, Asst., Fort Worth, for state.

Before FENDER, C.J., and HILL and ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION ON MOTION FOR REHEARING

HILL, Justice.

Upon motion for rehearing Koffel correctly points out that we previously overlooked the affidavit filed in support of his motion for continuance.

In view of that oversight, we will reconsider his original grounds of error numbers sixteen and eighteen, in which he urges that the trial court abused its discretion in not granting a motion for continuance and motion for new trial because his counsel was inadequately able to prepare for trial.

■ The denying or granting of a motion for continuance is vested in the sound discretion of the trial court and will only be reversed upon a showing of an abuse of discretion. *Hernandez v. State*, 643 S.W.2d 397, 399 (Tex.Crim.App.1982) (en banc); *Taylor v. State*, 612 S.W.2d 566, 570 (Tex.Crim.App.1981); *Kemner v. State*, 589 S.W.2d 403, 410 (Tex.Crim.App.1979). Factors to be considered in determining an abuse of discretion are: 1) length of delay requested; 2) whether other continuances were requested, and whether they were denied or granted; 3) length of time the party's counsel had to prepare for trial; 4) whether another attorney was prepared to litigate the trial; 5) the convenience of the parties, the court and the witnesses; 6) the reasons for the delay; 7) complexity of the case; 8) identifiable harm which the accused would incur; and 9) quality of legal representation actually provided. *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex.Crim. App.1982) (en banc).

■ Koffel was indicted on March 20, 1984. Previously, Hon. Jack Strickland, a practicing member of the Tarrant County Bar Association, had been appointed to represent him. The case was set but not reached on several subsequent occasions. On August 24, 1984, Koffel filed a motion to dismiss under the Texas Speedy Trial Act and to dismiss due to denial of his constitutional right to a speedy trial. The motions were overruled. On August 31, 1984, he filed his first motion for continu-

ance, alleging that he did not waive his speedy trial complaints by virtue of his motion.

Koffel's initial trial began September 17, 1984. However, during voir dire it was discovered that his court-appointed counsel had worked for the State on previous prosecutions, and therefore a mistrial was declared. His present counsel was appointed on that day. Counsel was unable to secure the contents of the previous counsel's file until December, 1984. However, Koffel's counsel requested and obtained a continuance in October, 1984. The case was not called for trial until December, 1984. Thus, counsel had more than two months in which to prepare for trial. We are unaware of any other counsel prepared to try the case. Counsel's affidavit in support of the motion for continuance recites attention to other cases and inability to confer with prior counsel as the reasons for the continuance. Other than the possibility that the continuance prevented him from presenting the testimony of his landlord, as discussed under ground of error number seventeen in our original opinion, we are unable to discern any particular alleged identifiable harm. Koffel's case was well presented at trial by his counsel. We find that the trial court did not abuse its discretion in overruling Koffel's motion for continuance.

Koffel further urges that this Court's determination that he had not requested information as to extraneous offenses is mistaken. He makes various references to the record to prove his point. We have examined the portion of the record to which he refers, and find nothing that relates to a request for information regarding any extraneous offenses that the State might have been planning to introduce at trial.

■ Koffel also urges for the first time that the trial court erred in failing to re-quire the State to elect which act with M___ M___ the State was relying on. He cites *Crawford v. State*, 696 S.W.2d 903 (Tex.Crim.App.1985) (en banc). First, his reliance on *Crawford* is misplaced. In *Crawford*, the defendant in a case of the rape of a child had filed a motion to require the State to elect the specific act of intercourse it wished to prosecute. The Court held that it was error for the trial court to fail to require the State to make such an election. In the case at bar, Koffel had asked that the State be required to elect which count it was relying on, but there was never any motion to require it to elect which act of intercourse it was going to rely on. Additionally, we note that the State's failure to elect the specific act of intercourse is raised for the first time on motion for rehearing. Under TEX.CODE CRIM.PROC.ANN. art. 40.09 (Vernon Supp.1986), this Court has power to review only grounds of error raised by the "defendant's brief in the court" and unassigned error which in our opinion "should be reviewed in the interest of justice." *Parr v. State*, 575 S.W.2d 522, 529 (Tex. Crim.App.1978). We conclude that consideration of this issue would not be in the interest of justice.

We do not feel further discussion is necessary with respect to Koffel's arguments concerning the admission of extraneous offenses.

We overrule Koffel's motion for rehearing.